### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

COMPASS MARKETING, INC.

    *Plaintiff,*

    v.

FLYWHEEL DIGITAL LLC, JAMES
COLUMBUS "CHIP" DIPAULA, JR.,
PATRICK MILLER, DANIEL WHITE,
MICHAEL WHITE, GEORGE WHITE and
ASCENTIAL PLC,

    *Defendants.*

Case Number: 1:22-cv-00379

## STIPULATED ORDER EXTENDING
## PLEADING AND MOTION DEADLINES

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Compass
Marketing, Inc. ("Plaintiff") and Defendants Daniel White ("Daniel"), Michael White
("Michael"), and George ("George") White, pursuant to Federal Rule of Civil Procedure 6(b)
and Local Rule 105 that:

1.    On February 14, 2022, Plaintiff filed a complaint against Daniel, Michael, and
George, among others (ECF 1).[1]

2.    Michael and George were personally served on February 16, 2022. Counsel for
Daniel agreed to waive the service of summons on February 18, 2022 (ECF 13).

---

[1] The other defendants that are not party to the instant motion are Ascential PLC, Flywheel Digital LLC, James
Columbus "Chip" DiPaula, Jr., and Patrick Miller.

3.      Counsel for Plaintiff, Michael, and George previously stipulated and agreed that Michael and George shall have until April 20, 2022 to answer, move, or otherwise respond to Plaintiff's Complaint (ECF 32).

4.      Counsel for Plaintiff, Michael, and George update that stipulation to agree that Michael and George shall have until April 25, 2022 to answer, move, or otherwise respond to Plaintiff's Complaint (ECF 32), and that Plaintiff shall have until May 16, 2022 to either file an opposition in response to any motion to dismiss or amend the Complaint, or to file any responsive pleading.

5.      In parallel, counsel for Plaintiff and Daniel now stipulate and agree that Daniel will have until April 25, 2022 to answer, move, or otherwise respond to Plaintiff's Complaint, and that Plaintiff will have until May 16, 2022 to either file an opposition in response to any motion to dismiss or amend the Complaint, or to file any responsive pleading.

6.      Good cause exists for the agreed extensions because this is the first extension request between Plaintiff and Daniel, and the extensions between Plaintiff, Daniel, Michael, and George will allow the parties' sufficient time to review, analyze and draft measured and thorough work product for the Court's consideration.  Moreover, all counsel to this stipulation have now attempted to coordinate briefing so that the Court receives materials on a relatively synchronized schedule.

7.      It is further stipulated and agreed that these extensions do not constitute a waiver of any claim, right, or defense.

8.      The requested extensions will not affect any deadlines in this case because a scheduling order has not been issued.

Dated: April 14, 2022                                   Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**          **STEIN SPERLING**

*/s/ Troy S. Brown, Esq.*                               */s/ Judy G. Cornwell, Esq.*
Troy S. Brown, Esq. (PHV)                        Judy G. Cornwell, Esq.
1701 Market Street                                     (Fed. Bar No. 20777)
Philadelphia, PA 19103                             1101 Wootton Parkway
troy.brown@morganlewis.com                 Suite 700
T. (215) 963-5214                                       Rockville, MD 20852
F. (215) 963-5001                                       jcornwell@steinsperling.com
                                                                  T. (301) 838-3314
                                                                  F. (301) 354-8314

**MARCUSBONSIB, LLC**

*/s/ Bruce L. Marcus, Esq.*
Bruce L. Marcus (Bar No. 06341)
6411 Ivy Lane
Suite 116
Greenbelt, Maryland 20770
bmarcus@marcusbonsib.com
T. (301) 441-3000
F. (301) 441-3003

SO ORDERED.

Dated:  4/18/2022


_____/s/_____
George L. Russell, III
United States District Judge