IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COMPASS MARKETING, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 1:22-CV-00379 |
| | : | Judge George Levi Russell, III |
| FLYWHEEL DIGITAL, LLC, *et al.* | : | |
| | : | |
| Defendants | : | |

**DEFENDANT GEORGE WHITE'S ANSWER TO COUNT XXII**

Defendant George White ("George"), by and through counsel, Jeffrey M. Schwaber, Judith G. Cornwell, and Stein Sperling Bennett De Jong Driscoll PC, submits this Answer to Count XXII of the Complaint filed by Compass Marketing, Inc. ("Plaintiff").[1]

\*   \*   \*

THE PARTIES

20. George admits the allegations set forth in paragraph 20.

\*   \*   \*

29. George admits that he is a resident of Maryland. To the extent that a further response is required, George denies the allegations set forth in paragraph 29.

\*   \*   \*

---

[1] George has filed simultaneously herewith a Motion to Dismiss Counts III-IV, X-XI, XV-XVI, and XXI insofar as those Counts relate to him. As such and given that most of the 372 allegations in Complaint have nothing whatsoever to do with him and thus, he is neither required to admit or deny those allegations, George hereby only answers the allegations which relate to Count XXII (Conversion) alleged against him.

1

## FACTUAL BACKGROUND

92. George admits that his name and title appear on the graphic in paragraph 92. George is without sufficient information or knowledge either to admit or deny the remaining allegations set forth in paragraph 92.

\* \* \*

144. George admits that he is Michael White's son and that he was one of several IT Administrator's at Compass. While George held a part-time job at Compass and a full-time job elsewhere, his work did not overlap in time or in substance. George further admits that he had access to Compass's GSuite email and Microsoft. George denies the remaining allegations set forth in paragraph 144.

145. To the best of his recollection, knowledge, and understanding, George admits that when he worked for Compass, he had access to Compass marketing routers, Compass printers, and Network Solutions Account. George denies the remaining allegations set forth in paragraph 145.

146. George admits that on or about April 29, 2019, he responded to an inquiry from John White as to what George would need as far as compensation goes in order to "join his team." George denies the remaining allegations set forth in paragraph 146.

147. George admits that he resigned from Compass. George denies the remaining allegations set forth in paragraph 147.

148. George denies the allegations set forth in paragraph 148.

149. George denies the allegations set forth in paragraph 149.

150. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 150.

151. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 151.

152. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 152. To the extent that a further response is required, George denies the allegations set forth therein.

153. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 153. To the extent that a further response is required, George denies the allegations set forth therein.

154. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 154. To the extent that a further response is required, George denies the allegations set forth therein.

155. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 155. To the extent that a further response is required, George denies the allegations set forth therein.

156. George is without sufficient information or knowledge either to admit or deny the allegations set forth in the second and third sentence of paragraph 156 and/or which otherwise do not relate to him. George denies the remaining allegations set forth in the first sentence of paragraph 156.

157. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 157. To the extent that a further response is required, George denies the allegations set forth therein.

\*   \*   \*

183. To the extent the allegations in paragraph 183 relate to the actions of defendants other than George, George is without sufficient information or knowledge either to admit or deny those allegations. George denies the remaining allegations set forth therein.

\*   \*   \*

## COUNT XXII – CONVERSION

346. George hereby incorporates by reference the prior paragraphs as if fully set forth herein.[2]

347. To the extent the allegations in paragraph 347 relate to the actions of defendants other than George, George is without sufficient information or knowledge either to admit or deny those allegations. George denies the remaining allegations set forth therein.

348. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 348. To the extent that a further response is required, George denies the allegations set forth therein.

---

[2] To the extent this paragraph in the Complaint incorporates by reference any allegation against George under any Count which is subject to his Motion to Dismiss, George hereby denies all such allegations.

4

349. George is without sufficient information or knowledge either to admit or deny the allegations set forth in paragraph 349. To the extent that a further response is required, George denies the allegations set forth therein.

350. To the extent the allegations in paragraph 350 relate to the actions of defendants other than George, George is without sufficient information or knowledge either to admit or deny those allegations. George denies the remaining allegations set forth therein.

351. George denies the allegations set forth in paragraph 351.

\*     \*     \*

## PRAYER FOR RELIEF

George hereby denies that Compass is entitled to any of the relief requested in paragraphs 359-372.

## ADDITIONAL AND AFFIRMATIVE/NEGATIVE DEFENSES

### First Defense

The Complaint fails to state a cause of action and fails to state facts upon which the relief demanded can be granted.

### Second Defense

To the extent George did not fully respond to any allegation in the Complaint against him, he denies any such allegation.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because the assertion of such claim(s) is ultra vires insofar as Plaintiff and/or John White lacked the authority to bring them.

**Fourth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Fifth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**Seventh Defense**

George reserves his right to raise such other, affirmative, and/or negative defenses as may become apparent through the exchange of discovery or over the course of this litigation and reserves the right to amend this Answer accordingly.

        Respectfully submitted,

        STEIN SPERLING BENNETT
        DE JONG DRISCOLL PC

        _/s/ Jeffrey M. Schwaber_
        Jeffrey M. Schwaber (Bar ID 06095)
        jschwaber@steinsperling.com
        Judith G. Cornwell (Bar ID 20777)
        jcornwell@steinsperling.com
        (301) 354-8131 (facsimile)
        1101 Wootton Parkway, Suite 700
        (301) 340-2020

        *Attorneys for Michael White and George White*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 25th day of April, 2022, copies of the foregoing Answer was electronically filed and served on all counsel of record via CM/ECF.

                                                      /s/ *Jeffrey M. Schwaber*
                                                     Jeffrey M. Schwaber

8891193_1