**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| COMPASS MARKETING, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 1:22-CV-00379 |
| | : | Judge George Levi Russell, III |
| FLYWHEEL DIGITAL, LLC, *et al.* | : | |
| | : | |
| Defendants | : | |

## **DEFENDANTS MICHAEL WHITE AND GEORGE WHITE'S MOTION TO DISMISS**

Defendants Michael White and George White, by and through counsel, Jeffrey M. Schwaber, Judith G. Cornwell, and Stein Sperling Bennett De Jong Driscoll PC, hereby file this Motion to Dismiss Plaintiff's Complaint and respectfully move for an order dismissing with prejudice all claims asserted against Michael White and all claims but Count XXII asserted against George White. In support their Motion to Dismiss, Michael White and George White refer to the arguments set forth in the attached Memorandum of Law in Support of the Motion to Dismiss, which is incorporated herein by reference.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

    /s/ Jeffrey M. Schwaber
Jeffrey M. Schwaber (Bar ID 06095)
jschwaber@steinsperling.com
Judith G. Cornwell (Bar ID 20777)
jcornwell@steinsperling.com
(301) 354-8131 (facsimile)
1101 Wootton Parkway, Suite 700
(301) 340-2020

*Attorneys for Michael White and George White*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 25th day of April, 2022, copies of the foregoing Motion to Dismiss and supporting memorandum of law were electronically filed and served on all counsel of record via CM/ECF.

    */s/ Jeffrey M. Schwaber*
    Jeffrey M. Schwaber

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COMPASS MARKETING, INC. | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 1:22-CV-00379 |
| | : | Judge George Levi Russell, III |
| FLYWHEEL DIGITAL, LLC, *et al.* | : | |
| Defendants | : | |

## ORDER

Upon consideration of the Motion to Dismiss filed by Defendants Michael White and George White, it is this _____ day of _____, 2022, hereby

ORDERED, that Defendants Michael White and George White's Motion to Dismiss (ECF ___) be and hereby is, GRANTED; and it is further

ORDERED, that all claims against Michael White are dismissed with prejudice; and it is further

ORDERED, that all claims against George White except Count XXII for Conversion are dismissed with prejudice.

 

                _____
                Hon. George L. Russell, III
                United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COMPASS MARKETING, INC. | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 1:22-CV-00379 |
| | : | Judge George Levi Russell, III |
| FLYWHEEL DIGITAL, LLC, *et al.* | : | |
| Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MICHAEL WHITE AND GEORGE WHITE'S MOTION TO DISMISS

Defendants, Michael White ("Michael") and George White ("George"), (together, "Defendants"),[1] by their undersigned counsel, Jeffrey M. Schwaber, Judith G. Cornwell, and Stein Sperling Bennett De Jong Driscoll PC, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submit this Memorandum of Law in support of their Motion to Dismiss all Counts of the Complaint filed by Compass Marketing, Inc. ("Compass") against Michael, and all Counts other than Count XXII (Conversion) against George.[2] In support thereof, Defendants state as follows:

---

[1] The "White Defendants" will be used herein when collectively referencing Michael, George, and co-defendant, Daniel White. The "Flywheel Defendants" will be used herein when collectively referring to Flywheel Digital, LLC, James Columbus ("Chip") DiPaula, Jr., and Patrick Miller.

[2] Defendants deny that Compass had the authority to initiate this litigation in the first place, as John White does not hold a majority of Compass stock and had no authority to purport to appoint a board, or in turn, to have his "board" purport to authorize a lawsuit. There is a wealth of documentary evidence that demonstrates John White's repeated and sworn admission—whenever convenient to him—that he does not own a controlling interest in Compass.

4

## INTRODUCTION

Through 372 paragraphs spanning 80 pages, John White purports to decree himself the controlling shareholder of Compass, and to use his hijacked and self-declared control to sue his brothers, among others, purportedly on behalf of Compass, and apparently in revenge for his brothers' reporting of John's misconduct to the Securities and Exchange Commission and the Federal Bureau of Investigation. Through its disjointed harangue, the suit against his brothers fails to state any timely and/or justiciable claims under Maryland law. On behalf of defendant Michael, this motion seeks to dismiss all claims against him. While not yet ripe for disposition, John White's single remaining claim against his nephew, George, is as specious as it is petty, but will be addressed and disposed of in due course.

## ARGUMENT [3]

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege enough facts to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing the sufficiency of a complaint, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only well-pled allegations of fact must be accepted and viewed in the light most favorable to the plaintiff. *Howell v. State Farm Ins. Co.*, 448 F. Supp. 2d 676, 678 (D. Md. 2006) (citations

---

Defendants intend to take discovery on this dispositive defense and hereby reserve all rights in this regard.

[3] Defendants assume, as they must, the truth of the facts asserted in the Complaint for purposes of this Motion only. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted) ("A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint,

omitted); *Concerned Citizens of Carderock v. Hubbard*, 84 F. Supp. 2d 668, 670 (D. Md. 2000). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 679. When the complaint suffers from "either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory[,]" a motion to dismiss will be granted. *Popovic v. United States*, 997 F. Supp. 672, 676 (D. Md. 1998); *see Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 754 (4th Cir. 2014).

Furthermore, fraud and civil RICO claims implicate the heightened pleading standard under Federal Rule of Civil Procedure 9(b). The rule states that: "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud…." Under Rule 9(b), a party alleging claims that sound in fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.,* 612 F.3d 724, 731 (4th Cir. 2010). The purposes of Rule 9(b) are to provide the defendant with sufficient notice of the basis for the plaintiff's claim; to protect the defendant against frivolous suits; to eliminate fraud actions where all of the facts are learned only after discovery; and to safeguard the defendant's reputation. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999).

---

considered with the assumption that the facts alleged are true."). Moreover, all internal quotations, citations, and/or alternations have been omitted unless otherwise stated.

## I. CERTAIN CLAIMS ARE TIME-BARRED

Claims filed beyond the statute of limitations period generally are time-barred. Thus, "when the face of the complaint includes all necessary facts for the defense to prevail," statute of limitations "is an affirmative defense that can [be] raise[d] in a motion to dismiss." *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F. 3d 573, 577 (4th Cir. 2017). Here, the very facts alleged in Compass's pleading demonstrate that the applicable statutes of limitations present a dispositive bar to almost all its claims asserted therein.

### A. Compass's Federal RICO Claims Against Michael That Predate February 14, 2018 Are Time Barred (Count III & IV).

Counts III and IV are private RICO claims and, as such, are governed by a four-year statute of limitations period. *Potomac Elec. Power Co. v. Elec. Motor and Supply, Inc.*, 262 F.3d 260, 266 (2001). Under Fourth Circuit law, a private RICO claim accrues "from the date when the plaintiff discovered, or should have discovered, the injury." *Id.* A plaintiff cannot "bootstrap time-barred claims by linking them to later, non-time-barred claims." *Id.* (relying on *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 183 (1997)).

Here, Compass alleges that Michael, who worked alongside his plaintiff brother for decades, "engaged in a pattern of egregious behavior" as early as 1998, which constituted the requisite RICO predicate acts. Specifically, the Complaint alleges:[4] (i) ***from 2008 to 2018,*** Michael operated the "Secret Compass Bank Account Scheme" until he allegedly drained the

---

[4] Compass's naked accusation that Michael assisted George in a purported informational technology lockout in April 2019 seems to be based entirely upon the ***unreasonable*** inference

accounts when he purportedly was terminated in November 2018 (*see* Complaint ("Compl.") ¶¶ 94 and 99-107); (ii) **from 1998** to 2019, Michael enrolled his and Daniel's family members and friends in the Compass payroll as part of the "Ghost Employee Scheme" (*see id.* ¶¶108-18); (iii) **from 2015** to 2018, Michael facilitated the "IRS Tax Check Scheme" (*see id.* ¶119-25); (iv) **from April 2, 2014** until January 24, 2019, Michael directed the "Shareholder Loan Scheme" (*see id.* ¶¶ 126-43); (v) **between 2012** and 2019, Michael used an unauthorized company credit card to cover almost one million dollars in personal expenses for which he never reimbursed Compass (*see id.* ¶¶ 171-82); (vii) **on December 1, 2015**, Michael wrote a Compass check to Daniel for $65,000 for "'Final Payments to James DiPaula and Patrick Miller'"[5] (*see id.* ¶ 204).

Compass filed the Complaint on February 14, 2022. As such, any of these purported predicate acts by Michael to divert company funds prior to February 14, 2018 fall outside the four-year statute. Where this is the case, "fraudulent concealment of the predicate acts ***and due diligence*** on the part of the plaintiff ***must be pled*** to toll the running of the statute." *Montuoro v. Samson*, Nos. 93-1013, 93-1025, 993 F.2d 1538, at *1 (emphasis added) (relying on *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 220 (4th Cir. 1987)).

---

that because George is Michael's son, any alleged conduct by George somehow gets imputed to Michael.

[5] At a minimum, any RICO claim is time-barred which attempts to link together Michael and George with the Flywheel Defendants and Ascential with a single check written in 2015. *See* Compl. ¶¶ 202-08. The notion is incredible that a check written on the Compass account in 2015 expressly earmarked as "Final Payments to James DiPaula and Patrick Miller" was undiscoverable through even the slightest due diligence. *See Montuoro* 993 F.2d 1538, at *1, *infra*.

8

Compass does not—because it cannot—allege in the Complaint that this purported widespread and decades long RICO scheme was undiscoverable with reasonable diligence through Compass's financial and accounting records, or otherwise. In fact, presuming the alleged facts to be true, John White permitted *for over 20 years*—the last eight of which he served as the Compass's CEO (*see* Compl. ¶ 92)—Michael to remove multiple millions of company dollars through company bank accounts, company credit cards, company payroll, and company loans. During this more than two-decade period, as alleged, under John's leadership and watchful eye, the company was filing tax returns, dealing with outside investors and transacting business. If nothing else, this alone demonstrates the opposite of any "due diligence [done] on the part of [Compass]" who, again, has had at its helm John White as "Chairman/CEO" since at least 2014 (*see id.*). John White is the sole Compass stockholder directing this litigation. Therefore, all claims which predate February 14, 2018 must be dismissed with prejudice. *See Montuoro*, 993 F.2d at *1.

B. <u>Compass's Remaining State Law Claims Against Michael are Time-Barred.</u>

Md. Code Ann., Cts. & Jud. Proc. § 5-101 provides that "[a] civil action at law shall be filed within three years from the date it accrues," which is the date "the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Frederick Road Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 96 (2000). Even where a "confidential or fiduciary relationship exists between the parties[,]" "blind ignorance of wrongdoing by the fiduciary" will not toll the statute. *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 495 Fed. Appx. 350, 355-56 (4th Cir. 2012). Nor will a "general theory of fraudulent concealment" where, like

9

here, "the plaintiff has [not] exercised usual or ordinary diligence for the discovery and protection of [their] rights." *Id.* Compass's state law claims arise out of the same set of allegations as the RICO claims (*see, e.g.,* Compl. ¶¶ 255, 265, 310), which as stated above and even presuming the preposterously articulated "facts" to be true, demonstrate a total lack of diligence by Compass and its CEO to protect its rights.[6] Thus, there can be no basis for the statute to be tolled. Compass's claims against Michael for Fraudulent Concealment/Fraud (Count X), Breach of Fiduciary Duty (Count XXIII) and Civil Conspiracy/Aiding and Abetting (XI, XV-XVI, and XXI) thus are time-barred.[7] *See Parker v. American Brokers Conduit*, 179 F. Supp. 3d 509, 518, 520 (D. Md. 2016) (fraud/fraudulent concealment; breach of fiduciary duty); *Prince George's Cnty. v. Longtin*, 419 Md. 450, 480 (2011) ("[A] civil conspiracy claim incorporates … its statute of limitations."); *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 393-94 (S.D. N.Y. 2010) ("The statute of limitations for each aiding and abetting claim is determined by the underlying tort.").

---

[6] At the latest, the statute of limitations began to run at the time that Michael was terminated from Compass on November 23, 2018. Compl. ¶ 94.

[7] Pursuant to Rule 10(c), and to the extent applicable, Michael and George hereby adopt and expressly incorporate by reference the arguments made in the Memorandum of Law in Support of Motion to Dismiss the Complaint by Flywheel Digital LLC, James Columbus "Chip" DiPaula, Jr., Patrick Miller, and Ascential PLC (the "Flywheel Defendants' Motion to Dismiss") (EFC 23-1) as to the expiration of the statute of limitations of the underlying tort claims, including those for violation of the Federal Defend Trade Secrets Act of 2016 and State Maryland Uniform Trade Secrets Act, unfair competition, and fraud/fraudulent concealment. In any event, it is again worth mentioning that the ***only*** link between the Flywheel Defendants/Ascential and Michael is a single 2015 check, which certainly could have been discovered with ordinary diligence, yet predated the filing of this lawsuit by 7 years.

## II. COMPASS FAILS TO STATE A CIVIL RICO CLAIM AGAINST MICHAEL AND GEORGE (COUNTS III & IV)

Litigants are cautioned that "state laws bearing on commercial transactions are not to be eclipsed or preempted" by pursuit of RICO's heightened and extraordinary civil remedy of treble damages "for their harassment and settlement value." *The Maryland-National Capital Park and Planning Comm'n v. Boyle*, 203 F. Supp. 2d 468, 476 (D. Md. 2002). Indeed, "[a] civil RICO claim is a unique cause of action that is concerned with eradicating organized, longterm, habitual criminal activity." *Hardwire, LLC v. Ebaugh IV*, Civ. No. JKB-20-0304, 2021 WL 3809078, at *5 (D. Md. Aug. 25, 2021). As such, "[f]or many years, the Fourth Circuit has taken a somewhat restrictive view of RICO actions based on ordinary claims of fraud," *Boyle*, 203 F. Supp. 2d at 476, requiring courts to "scrutinize" early on, allegations that "attempt to fit garden variety fraud claims within the standard of civil RICO…." *Hardwire*, 2021 WL 3809078, at *5. To sustain a claim for civil RICO, a plaintiff must plead: "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *Whitney, Bradley & Brown, Inc. v. Kammermann*, 436 F. App'x 257, 258 (4th Cir. 2011). The Complaint lacks multiple of these requisite elements.

### A. Compass Fails to Allege a RICO Enterprise.[8]

"A RICO enterprise is characterized by continuity, unity, shared purpose and identifiable structure," and it "must exist separate and apart from the pattern of racketeering activity in which

---

[8] Pursuant to Rule 10(c), Michael and George hereby adopt and expressly incorporate by reference the arguments in the Flywheel Defendants' Motion to Dismiss (ECF 23-1) as to the failure of Compass to plead the existence of a RICO enterprise as it relates to any scheme between or among the White Defendants, on the one hand, and the Flywheel Defendants and/or Ascential, on the other hand.

it was engaged." *Bailey v. Atlantic Automotive Corp.*, 992 F. Supp. 2d 560, 581 (D. Md. 2014). The Complaint does not identify any specific enterprise among the White Defendants, but instead, it appears to allege that one exists by an "association-in-fact [which is] not defined by a formal legal structure." *Id.* Where this is the case, an enterprise may be implied by the "association of its members for a common purpose of engaging in a course of conduct." *Id.* While the Complaint tries to concoct an enterprise through recitation of repeated buzz words that the White Defendants "share[d] a common purpose of harming Compass to hide the impropriety of their corporate spending for personal financial gain" (Compl. ¶¶ 254, 264), this statement alone pleads the opposite of any shared criminal enterprise. Indeed, it concedes that the purpose of the White Defendants purported illegal conduct was their own "personal financial gain," thus defeating the RICO claim. To be clear, the only commonality alleged between the separate acts of Michael, Daniel, and George is the incidental common *result* of injury to Compass.[9]

> B. Compass Fails to Plead a Pattern of Racketeering Activity.

As a threshold matter, even assuming, *arguendo*, George extorted Compass—which he did not—Compass's allegations of the "July Extortion Attempt" are insufficient to sustain a RICO claim against him. This Court has made clear that "[t]he focus of section 1962(c) is on *individual patterns of racketeering engaged in by a defendant*, rather than the collective activities

---

[9] Compass groups George together with Michael and Daniel here and suggests without even an illusion of good faith basis or support, that George is alleged to have used corporate funds for his own personal financial gain. In fact, the accusation against George is that he purportedly attempted to force Compass to give him a raise for his own personal financial gain, and not in furtherance of any common purpose with Michael and Daniel to harm Compass. *See* Compl. ¶¶ 144-57.

12

of the members of the enterprise, which are prescribed by section 1962(d)." *United States v. Crysopt Corp.*, 781 F. Supp. 375, 384 (D. Md. 1991) (citing *United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987) (emphasis in original)). In other words, RICO is not to be used as a "second conspiracy statute," *id.*, and thus, "the requirements of § 1962(c) must be established as to each individual defendant," *see Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027-28 (8th Cir. 2008), *cert denied*, 129 S.Ct. 1000 (2009) (quoting *United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987))). Here, George's single act of an alleged IT lockout on April 30, 2019 does not constitute a pattern of any kind (*see* Compl. ¶¶ 144-57)—let alone one of racketeering activity. *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 549 (4th Cir. 2001) ("A 'pattern of racketeering activity' requires at least two acts of racketeering activity.").

As to Michael, as part of its pattern inquiry, the Fourth Circuit "looks to the criminal dimension and degree of the alleged misconduct." *See International Data Bank, Ltd. v. Zepkin*, 812 F.2d 149, 155 (4th Cir. 1987). "Attention to the nature of the underlying offenses is necessary because the heightened civil and criminal penalties of RICO are reserved for schemes whose scope of persistence set them above the routine." *HMK Corp. v. Walsey*, 828 F.2d 1071, 1074 (4th Cir. 1987). A non-exhaustive list of factors to consider in this inquiry include, "the number and variety of predicate acts, the length of time over which they were committed, the number of putative victims; [sic] the presence of separate schemes, and the potential for multiple distinct injuries." *Park v. Jack's Food Systems. Inc.*, 907 F. Supp. 914, 920 (D. Md. 1995).

A review of the narrative of claims against Michael (and Daniel) scripted by their disgruntled brother, John White, does not reveal a "pattern of racketeering activity" made up of "separate schemes" with multiple "putative victims" and "multiple distinct injuries." Rather, it depicts nothing more than a "garden variety" dispute among brothers/owners about the use of their family-run company's funds.

### III. COMPASS FAILS TO PLEAD CERTAIN REMAINING STATE LAW CLAIMS AGAINST MICHAEL AND GEORGE

A. <u>Compass's Fraudulent Concealment/Fraud Claim (Count X) Fails to State a Claim Against Michael or George Upon Which Relief May Be Granted.</u>

Under Maryland law, both fraudulent concealment and/or fraud require that Compass plead, among other things, that it took some action in justifiable reliance on Michael's and George's concealment and/or misrepresentation, which caused damage. *EndoSurg Medical, Inc. v. EndoMaster Medical, Inc.*, 71 F. Supp. 3d 525, 555-56 (D. Md. 2014) (fraudulent concealment); *Kantesevoy v. LumenR LLC*, 301 F. Supp. 3d. 577, 601 (D. Md. 2018) (fraud). No such allegation is made here. In fact, the only "action" alleged to have been taken by Compass in justifiable reliance on any undisclosed or false information is a decision to "declin[e] to pursue legal action against [the Flywheel Defendants] *due to Daniel's* conflicted legal advice…." Compl. ¶ 311 (emphasis added). Even assuming that to be true, action taken by Compass in reliance on purported legal advice from Daniel has nothing to do with either Michael or George and thus, any claim for fraudulent concealment/fraud against them fails at the outset.

14

8849184_2

B. <u>Michael and George neither Conspired with nor Aided and Abetted the Flywheel Defendants or Ascential (Counts XI, XV-XVI, and XXI).</u>[10]

It is well-settled that civil conspiracy and aiding and abetting are not independent causes of action under Maryland law. *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 360 (2000) (internal citations omitted). Assuming, *arguendo*, Compass's underlying tort claims against the Flywheel Defendants and Ascential are not dismissed, Compass nonetheless fails to state a claim against Michael or George under either vicarious liability theory.

For a defendant to be liable as a conspirator, a plaintiff must "assert [a] factual basis to support the conclusion," *Marshall v. Reno*, 915 F. Supp. 426, 430 (D.D.C. 1996), namely "[a] confederation of two or more persons by agreement or understanding," *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 154 (2007). Similarly, an aider or abettor must be shown to have given "substantial assistance or encouragement to [the principal] to engage in the tortious conduct." *Alleco Inc. v. Harry & Jeanette Weinberg Foundation, Inc.*, 340 Md. 176, 186 (1995).

Here, the ***sole*** connection alleged between Michael and the purported scheme by the Flywheel Defendants and Ascential to steal Compass trade secrets to jumpstart their multi-hundred-million-dollar venture is a single $65,000 company check earmarked on its face as "Final Payments to James DiPaula and Patrick Miller" in December 2015—more than a year *after* all the damage by the Flywheel Defendants allegedly had been done (*see, e.g.,* Compl. ¶¶

---

[10] Pursuant to Rule 10(c), Michael and George hereby adopt and expressly incorporate by reference the Flywheel Defendants' Motion to Dismiss as to the arguments the state law claims are time-barred and/or fail to state a claim upon which relief may be granted.

15

8849184_2

183-201, 251).[11] It is not a plausible let alone reasonable inference that this isolated payment made long after the alleged misconduct somehow can be read properly to allege that Michael "fund[ed]" Flywheel and/or "knew and encouraged DiPaula and Miller's theft of Compass trade secrets and wanted Flywheel to succeed to the detriment of Compass." *Id.* ¶¶ 207-08.

Compass's tie between George and the Flywheel Defendants and Ascential is even more attenuated, and the allegation on its face borders on frivolous. Compass baldly alleges that George "engaged in the alleged IT misconduct to interfere with Compass's business in competition with Flywheel, among other things." *Id.* ¶ 309. This "alleged IT misconduct" occurred five years after Flywheel formed and eight months after it sold to Ascential for $400 million. (*see id.* ¶¶ 77, 144-57, 209). Thus, to state the obvious, it is not fathomable to conclude that the Flywheel Defendants and/or Ascential were looking to George at this point to help them gain some unfair advantage over Compass in the marketplace by locking them out of their IT system. In fact, based upon the pleading itself, that theory would be factually impossible.

C. <u>Compass Fails to State a Claim for Conversion (Count XXII) Against Michael.</u>

"Conversion has been defined as a distinct act of ownership or dominion exerted by a person over the personal property of another which either denies the other's rights or is inconsistent with it." *Parker v. Kowalsky & Hirschhorn, P.A.*, 124 Md. App. 447, 459 (1999) (quoting *Baltimore & Ohio R.R. Co. v. Equitable Bank, N.A.*, 77 Md. App. 320, 325 (1988)).

---

[11] For the avoidance of any doubt, in paragraph 183 of the Complaint, Compass explicitly identifies this single payment as "***the connection*** between the extensive wrongdoing by Daniel, Michael, and George White set forth above, and the theft of Compass's trade secrets and proprietary information and know how by Flywheel, DiPaula, and Miller." (Emphasis added).

Absent from the Complaint is any factual support that Michael exerted control of Compass's personal property. Instead, Compass seemingly tries to hold Michael accountable for his adult son's purported actions simply and entirely by virtue of their familial relationship. *See* Compl. ¶ 347 ("Michael and George White intentionally and wrongful [sic] exercised dominion and control over Compass's personal property, as alleged above and including George White's acts…."). This is not a theory of liability supported by law.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Michael White and George White's Motion to Dismiss.[12]

---

[12] Upon dismissal of the federal claims, the Court should decline to exercise its supplemental jurisdiction over, and dismiss, the state law claims. *See* 28 U.S.C. § 1367(c)(3). Pursuant to Rule 10(c), Michael and George hereby adopt by reference the arguments in this regard set forth in Daniel White's Motion to Dismiss of even date.

8849184_2

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


_____/s/ Jeffrey M. Schwaber_____
Jeffrey M. Schwaber (Bar ID 06095)
jschwaber@steinsperling.com
Judith G. Cornwell (Bar ID 20777)
jcornwell@steinsperling.com
(301) 354-8131 (facsimile)
1101 Wootton Parkway, Suite 700
(301) 340-2020

*Attorneys for Michael White and George White*

18

8849184_2