IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF MARYLAND

| | | |
|---|---|---|
| COMPASS MARKETING, INC. | : | |
| Plaintiff | : | |
| v. | : | Case No. 1:22-cv-00379-JKB |
| FLYWHEEL DIGITAL LLC, *et al*. | : | |
| Defendants | : | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DANIEL WHITE'S MOTION TO DISMISS**

Defendant Daniel J. White, by and through counsel, Bruce L. Marcus, Esquire, Sydney M. Patterson, Esquire, and MarcusBonsib, LLC, hereby files this Memorandum of Law in support of his Motion to Dismiss Plaintiff's Complaint. Defendant further moves the Court to decline to exercise its supplemental jurisdiction, and dismiss, the remaining counts.

**INTRODUCTION**

The Complaint alleges the following causes of action against Daniel White and some or all of the other Defendants:

| Count | Cause of Action | Defendant(s) |
|---|---|---|
| III and IV | RICO and RICO Conspiracy | All Defendants |
| X | Fraudulent Concealment/Fraud | All Defendants |
| XI | Conspiracy to Misappropriate Trade Secrets | All Defendants |
| XV | Conspiracy to Unfairly Compete | All Defendants |
| XVI | Conspiracy to Commit Fraudulent Concealment/Fraud | All Defendants |
| XXI | Aiding and Abetting Fraudulent Concealment/Fraud | All Defendants |
| XXIII | Breach of Fiduciary Duty | Daniel White and Michael White |

Counts I, III, and IV invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331. Count II and Counts V through XXIII purport to set out state law causes of action and invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367. The federal claims against Daniel White should be dismissed because they are time-barred and fail to state cognizable claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts III, IV), 18 U.S.C. §§ 1961–1968. Upon dismissal of the federal claims, the Court should decline to exercise its supplemental jurisdiction over, and dismiss, the state law claims. *See* 28 U.S.C. § 1367(c)(3). The state law claims asserted against Daniel White allege tortious conduct in Maryland and should properly be determined by a Maryland state court.

Alternatively, in the event the Court denies the motion to dismiss the federal claims, or grants the motion but elects to exercise supplemental jurisdiction over the state law claims, a number of those state law claims should be dismissed for failure to state a claim, and all state claims should be dismissed because they are time-barred.

## LEGAL STANDARDS

### I. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8(a), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009). Under the plausibility standard, while a complaint need not contain "detailed

factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must first identify and segregate out the legal conclusions in the complaint, which are "not entitled to the assumption of truth." *F.T.C. v. Innovative Mktg., Inc.,* 654 F. Supp. 2d 378, 385 (D. Md. 2009) (quoting *Iqbal*, 556 U.S. at 679). "[T]he Court is not required to accept as true "a legal conclusion couched as a factual allegation, . . . conclusory allegations devoid of any reference to actual events, . . . or allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences[.]" *Walker v. Gambrell*, 647 F. Supp. 2d 529, 535 (D. Md. 2009). Only well-pleaded allegations of fact must be accepted as true and viewed in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679. A Rule 12(b)(6) motion will be granted if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citation omitted).[1]

## II. FEDERAL RULE OF CIVIL PROCEDURE 9(b)

Fraud and civil RICO claims implicate the heightened pleading standard under Federal Rule of Civil Procedure 9(b). The rule states that: "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Under Rule 9(b), a party alleging claims that sound in fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.,* 612 F.3d 724, 731 (4th Cir. 2010). The purposes of Rule 9(b) are to provide the defendant with sufficient notice of the basis for the plaintiff's claim; to protect the defendant against

---

[1] Unless otherwise noted, all internal quotation marks and citations have been omitted.

3

frivolous suits; to eliminate fraud actions where all of the facts are learned only after discovery; and to safeguard the defendant's reputation. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

## ARGUMENT[2]

### I. THE CLAIMS AGAINST DANIEL WHITE ARE TIME-BARRED

"[W]hen the face of the complaint includes all necessary facts for the defense to prevail," statute of limitations "is an affirmative defense that can [be] raise[d] in a motion to dismiss." *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F. 3d 573, 577 (4th Cir. 2017). Here, the claims against Daniel White are subject to three- or four-year statutes of limitations. The facts alleged in the Complaint demonstrate that the majority of these claims are time-barred by the applicable statutes of limitations.

#### A. The RICO Claims Based Upon Predicate Acts Prior to February 14, 2018 are Time-Barred

"Private RICO suits are governed by a four-year statute of limitations, which runs from the date when the plaintiff discovered, or should have discovered, the injury." *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001). A plaintiff cannot "'bootstrap' time-barred claims by linking them to later, non-time-barred claims." *Id.*

The Complaint alleges that beginning in 1998, and continuing for decades thereafter, Daniel White and his brother Michael "engaged in a pattern of egregious behavior" to include various alleged acts of fraud and embezzlement which Compass asserts as predicate acts underlying their RICO claims. Specifically, the Complaint alleges: (i) from 2008 to 2018, Daniel and Michael White operated the "Secret Bank Account Scheme;" (ii) from 1998 to 2019,

---

[2] Defendant Daniel White assumes the truth of the well-pleaded factual allegations in the Complaint solely for purposes of this Motion to Dismiss.

Daniel and Michael White enrolled their family members and friends on the Compass payroll as part of their "Ghost Employee Scheme;" (iii) from 2015 to 2018, Daniel and Michael White participated in an "IRS Tax Check Scheme;" (iv) from April 2, 2014 until January 24, 2019, Daniel and Michael White participated in the "Shareholder Loan Scheme;" (v) between 2012 and 2019, Daniel and Michael White used an unauthorized company credit card to cover various personal expenses for which they did not reimburse Compass; and (vii) on December 15, 2015, Michael wrote a Compass check to Daniel for $65,000 for "'Final Payments to James DiPaula and Patrick Miller.'"[3]

Compass should have discovered these alleged acts on or about the time they occurred with reasonable diligence from Compass's own accounting records. As such, their RICO claims are barred to the extent they rely on these alleged predicate acts that occurred prior to February 14, 2018. *Fowler v. Wells Fargo Home Mortg., Inc.,* No. GJH-15-1084, 2015 WL 2342377, at *3 (D. Md. May 13, 2015) (RICO claim was time-barred based on allegations of defendants' actions); *Lanza v. Merrill Lynch & Co*., 154 F.3d 56, 60 (2d Cir. 1998) (affirming dismissal of RICO claim and noting that "the question of inquiry notice need not be left to a finder of fact").

### B. The State Law Claims against Daniel White are Time-Barred

Under Maryland law, "[a] civil action at law shall be filed within three years from the date it accrues." Md. Code Ann., Cts & Jud. Proc. § 5-101. The three-year statute of limitations begins to run when "the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Frederick Road Ltd. P'ship v. Brown & Sturm*, 360, Md. 76, 96 (2000).

---

[3] The check written to DiPaula constitutes the only link alleged in the Complaint between the White Defendants and Flywheel Defendants. Consequently, any RICO claim premised on an enterprise comprised of the White Defendants and Flywheel Defendants is indisputably time-barred. Although Compass alleges that these checks were not discovered until 2018 or 2019, Compass does not allege that the check was not discoverable in the reasonable exercise of ordinary due diligence.

5

Thus, a plaintiff "cannot fail to investigate when the propriety of the investigation is naturally suggested by circumstances known to him; and if he neglects to make such inquiry, he will be held guilty of bad faith and must suffer from his neglect." *Poffenberger v. Risser*, 290 Md. 631, 637-38 (1981). "Once on notice of one cause of action, a potential plaintiff is charged with responsibility for investigating, within the limitations period, all potential claims and all potential defendants with regard to the injury." *Doe v. Archdiocese of Wash.*, 114 Md. App. 169, 188 (1997).

The alleged facts underlying Compass's RICO claims also form the basis of their state law claims against Daniel White. As set forth above, Compass fails to allege any facts to demonstrate due diligence or excuse their failure to exercise due diligence to discover the acts of widespread fraud allegedly committed by Daniel and Michael White for over a decade. Consequently, the statute of limitations began to run on the state law claims against Daniel White at the time they occurred, and, at the latest, at the time that Daniel White was allegedly terminated from Compass on November 23, 2018. Compl. ¶ 94. The Complaint fails to set forth any facts which would support a finding that the statute of limitations was tolled. Accordingly, all state law claims against Daniel White in Counts X, XI, XV, XVI, XXI, and XXIII should be dismissed as barred by limitations.

## II. THE FEDERAL CLAIMS FAIL[4]

As set forth below, all federal claims alleged in the Complaint are inadequately pleaded and should be dismissed for failure to state a claim.

---

[4] Pursuant to Fed. R. Civ. P. 10(c), Daniel White hereby adopts and incorporates by reference the arguments set forth in the Flywheel Defendants' Motion to Dismiss regarding Plaintiff's failure to adequately plead its federal civil RICO claims.

### A. The RICO Counts Fail to State a Claim

Compass has asserted two federal RICO claims against Daniel White in which Compass alleges that Daniel White conducted or participated in the conduct of an enterprise through a pattern of racketeering activity in violation 18 U.S.C. § 1962(c) (Count III); and conspired to violate § 1962(c) in violation of § 1962(d) (Count IV).

A civil RICO action "is a unique cause of action that is concerned with eradicating organized, long term, habitual criminal activity," not "all instances of wrongdoing." *U.S. Airline Pilots Ass'n v. Awappa, LLC,* 615 F.3d 312, 317 (4th Cir. 2010). Because the penalties authorized by RICO are "drastic," in order "to provide society with a powerful response to the dangers of organized crime," courts "must . . . exercise caution to ensure that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions[.]" *Id.* In other words, RICO "is not a cause of action to be pled lightly," and "RICO treatment is reserved for conduct whose scope and persistence pose a special threat to social well-being." *Biggs v. Eaglewood Mortg., LLC*, 582 F.Supp.2d 707, 714 (D. Md. 2008), *aff'd*, 353 F. App'x 864 (4th Cir. 2009). In order for a RICO claim to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plausibly allege: "(1) conduct [causing injury to business or property], (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496 (1995).

The RICO claim in Count III should be dismissed pursuant to Rules 12(b)(6) because Compass fails to adequately allege the existence of both an "enterprise" and a "pattern" of racketeering activity. Because Compass cannot maintain their claim under § 1962(c), their RICO conspiracy claim in Count IV fails as a matter of law. *See GE Inv. Private Placement Partners II v. Parker,* 247 F.3d 543, 551 n.2 (4th Cir. 2001).

1. **Enterprise**

A RICO "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n association in fact enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States,* 556 U.S. 938, 946 (2009). To adequately plead an enterprise, a plaintiff must allege "(1) an ongoing organization . . ., (2) that various associates function as a continuing unit, and (3) that the enterprise exists separate and apart from the pattern of racketeering activity." *CoStar Realty Info., Inc. v. Field*, 612 F.Supp.2d 660, 677 (D. Md. 2009).

Compass has failed to adequately plead each of these elements. The Complaint fails to allege facts or specific allegations regarding the relationships between any of the Flywheel Defendants, on one hand, and Defendants Daniel, Michael, and George White, on the other hand, much less "how they function[ed] as a continuing unit." *Grant v. Shapiro & Burson, LLP,* 871 F. Supp. 2d 462, 473 (D. Md. 2012) (dismissing RICO complaint that lacked factual allegations regarding the relationships among Defendants and how they functioned as a unit). With the exception of two checks that Daniel White allegedly issued to DiPaula, there is scarcely a fact alleged in the Complaint to demonstrate any interaction or communication, much less an agreement to collaborate between Daniel White and the Flywheel Defendants.

The conclusory allegations that "Defendants Michael, Daniel, and George White share a common purpose of harming Compass to hide the impropriety of their corporate spending for personal financial gain" (Compl. ¶ 254), and that the Flywheel Defendants "share a common purpose of using Compass stolen trade secrets, proprietary business know how, and confidential information for economic gain" (Compl. ¶ 250), are insufficient to establish the enterprise

8

element of a RICO claim. Such "vague allegations of a RICO enterprise . . . lacking any distinct existence and structure will not survive dismissal." *Mitchell Tracey v. First Am. Title Ins. Co.*, 935 F.Supp.2d 826, 843 (D. Md. 2013).

2. **Pattern**

A "pattern" requires "at least two predicate acts of racketeering activity" within a 10–year period. 18 U.S.C. § 1961(5). To establish this pattern, Plaintiffs must show the acts are (1) related and (2) continuous, meaning they "amount to or pose a threat of continued criminal activity." *H. J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). "[C]riminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." indicate relatedness. *Id.* at 240. To establish continuity, a plaintiff must show that the predicate acts were "a closed period of repeated conduct," or "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. The Supreme Court advised that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* at 242; *see e.g.*, *Eplus Tech., Inc. v. Aboud,* 313 F.3d 166, 182 (4th Cir. 2002) (stating that "it is clear that predicate acts of racketeering activity must be part of a prolonged criminal endeavor").

The "pattern" requirement is applied stringently to "ensure that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions; that treble damage suits are not brought against isolated offenders for their harassment and settlement value; and that the multiple state and federal laws bearing on transactions ... are not eclipsed or preempted." *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683 (4th Cir. 1989); *see Grant*, 871 F. Supp. 2d at 474 (noting the pattern requirement serves to "prevent ... ordinary commercial fraud

from being transformed into a federal RICO claim."). Because RICO does not target sporadic activity or the isolated offender, "[t]here must be some indication of a threat of continuing activity by the defendants, not just one instance of fraud with a single victim." *Int'l Data Bank, Ltd. v. Zepkin,* 812 F.2d 149, 154–55 (4th Cir. 1987) (holding that a single, limited fraud scheme involving a misleading prospectus sent to ten investors did not satisfy the "pattern" requirement); *see e.g.*, *Menasco,* 886 F.2d at 684 (dismissing RICO claim where plaintiff failed to sufficiently plead a "pattern" of racketeering activity that extended beyond themselves); *Flip Mortgage Corp. v. McElhone,* 841 F.2d 531, 538 (4th Cir. 1988) (finding a fraudulent scheme occurring over several years but impacting only one victim did not constitute a RICO violation).

Here, the predicate acts alleged in the Complaint constitute a single, limited scheme to defraud that fails to demonstrate the relatedness and continuity that distinguish widespread fraud threatening long-term criminal activity from ordinary fraud not properly subject to RICO's penalties. *See Zepkin,* 812 F.2d at 155; *Maryland-Nat'l Capital Park & Planning Comm'n v. Boyle,* 203 F. Supp. 2d 468, 476 (D. Md. 2002) (noting the Fourth Circuit emphasizes that RICO penalties are "reserved for schemes whose scope and persistence set them above the routine"). The predicate acts of fraud allegedly committed by Daniel White are not recent, much less ongoing. The Complaint alleges the acts ended more than three years ago at the time Compass allegedly terminated him in November 23, 2018, or, at the latest, at the time of his removal from the Board of Directors in early 2019. Compl. ¶¶ 94–95, 107.

The only other predicate act alleged is a single act of alleged trade secret misappropriation by Flywheel Defendants in 2014. Compl. ¶¶ 75–81. Although Compass allegedly fell victim to predicate acts of fraud and trade secret misappropriation, Compass fails to demonstrate the predicate acts shared "the same or similar purposes, results, participants, . . .or

methods of commission." *H.J., Inc.*, 492 U.S. at 239; *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians,* 155 F.3d 500, 506 (4th Cir. 1998) (alleged predicate acts of failing to pay two real estate commissions and another "unrelated" scheme, did not "bear such relationship to each other or to any external organizing principle to support a civil RICO claim"). As alleged, the RICO predicate acts in the Complaint do not demonstrate sufficient relatedness or continuity to satisfy the pattern requirement.

Additionally, the alleged pattern of racketeering activity in this case was directed at only one plaintiff. In *Al-Abood* v. *El-Shamari*, 217 F.3d 225, 239 (2000), plaintiffs were defrauded of several million dollars by "formerly close family friends" through a real estate investment, a charitable trust, and a brokerage account over several years. The Fourth Circuit noted that "[t]he main predicate acts here were mail and wire fraud, and although they were related and involved three discrete schemes spanning several years, there was only one victim of the fraud." *Id.* at 238. The *Al-Abood* Court noted that although there is no *per se* rule against a RICO claim with only one victim, "the narrow focus of the scheme here – essentially a dispute between formerly close family friends – combined with the commonplace predicate acts persuades us that the facts here do not satisfy the pattern requirement." *Id.*

Here, Compass does not allege any conduct perpetrated by the Defendants apart from the alleged conduct directed against Compass. Moreover, like *Al-Abood*, the alleged fraud scheme here is narrow in focus and consists of "essentially a dispute between formerly close family . . .," in this case, the White brothers. *Id.* As alleged in the Complaint, the dispute between the White brothers is a business dispute stemming from John White's allegations of fraudulent financial practices at Compass, Inc., by his brothers Daniel and Michael White. The Fourth Circuit has recognized that RICO was not intended "to preempt and federalize the field of state

11

business law" which governs such claims. *HMK Corp. v Walsey,* 828 F.2d 1071, 1076 (4th Cir. 1987). In *Flip Mortgage,* the Fourth Circuit declined to apply RICO to a mail fraud claim against the directors of a corporation engaged in the fraudulent conveyance of corporate assets during and after dissolution of the corporation, explaining:

> In fact, a great many ordinary business disputes arising out of dishonest business practices or doubtful accounting methods, such as have until the present been redressed by state remedies, could be described as multiple individual instances of fraud, if one chooses to do so. But to adopt such a characterization would transform "every such dispute . . .[into] a cause of action under RICO."

*Flip Mortgage*, 841 F.2d at 538 (quoting *HMK Corp. v. Walsey,* 828 F.2d 1071, 1074 (4th Cir. 1987)).

The allegations in the Complaint do not involve a pattern of racketeering, but rather, a scheme with a narrow focus, one victim, and commonplace predicate acts of ordinary fraud that are neither continuous nor ongoing. *See Zepkin*, 812 F.2d 149 at 155. Accordingly, "this case is not sufficiently outside the heartland of fraud cases to warrant RICO treatment." *Al-Abood*, 217 F.2d at 238.

### III. THE COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION AND DISMISS THE REMAINING STATE LAW CLAIMS

Under 28 U.S.C. § 1367(c)(3), the Court has discretion to decline the exercise of supplemental jurisdiction over state law claims if it dismisses all claims over which it has original jurisdiction. *See Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir.1995). Moreover, "a district court has inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Northwest Fin. S. Carolina, Inc.,* 239 F.3d 611, 616 (4th Cir. 2001). The Supreme Court has cautioned against "needless decisions of state law . . . both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United*

*Mine Workers of Am. V. Gibbs,* 383 U.S. 715, 726 (1996). Where "federal claims are dismissed before trial . . .the state law claims should be dismissed as well." *Id.*

Consistent with this authority, district courts regularly decline to exercise supplemental jurisdiction over state law claims following the dismissal of a federal RICO claim on which subject matter jurisdiction had been based. *See, e.g., Bhari Info. Tech. Sys. Priv. Ltd. v. Sriram,* 984 F. Supp. 2d 498, 505–06 (D. Md. 2013) (where federal RICO count was dismissed with prejudice, remaining state law claims dismissed); *Willard v. Kunda,* 2010 WL 4365569, at *5 (D. Md. Nov. 3, 2010) (declining to exercise supplemental jurisdiction over remaining state law claims upon dismissal of federal RICO claims), *aff'd,* 432 F. App'x 259 (2011); *Walsh v. Mitchell,* 2010 W L 3719919, at *9 & n.6 (D. Md. Sept. 17, 2010) (same), *aff'd,* 427 F. App'x 282 (2011).

With the exception of the RICO and DTSA counts, all of Compass's claims sound solidly in state law and should be dismissed upon the dismissal of the federal claims. However, even in the event the federal claims survive dismissal, this Court should dismiss the state law claims as time-barred. Additionally, a number of Compass's state law claims should be dismissed for the reasons set forth below.

## IV. ALTERNATIVELY, THE COURT SHOULD DISMISS COUNTS X, XI, XV, XVI, AND XXI FOR FAILURE TO STATE CLAIMS

If the Court denies the motion to dismiss the federal claims, or grants the motion to dismiss but elects to exercise its supplemental jurisdiction over state law claims, the Court should dismiss the state law claims against Daniel White in Counts X, XI, XV, XVI, and XXI for failure to state a claim.

### A. Compass Fails to State Claims for Conspiracy to Misappropriate Trade Secrets (Count XI) and Conspiracy to Unfairly Compete (Count XV)

The Complaint sets forth claims against the Flywheel Defendants for misappropriation of trade secrets (Counts I and II), and unfair competition (Count VIII).[5] The facts underlying these claims also form the basis of related causes of actions against all Defendants for Conspiracy to Misappropriate Trade Secrets (Count XI) and Conspiracy to Unfairly Compete (Count XV).

"[I]t is well established in Maryland that civil conspiracy will not support a separate cause of action, and it is 'improper pleading to allege…conspiracy in [a] separate count[.].'" *Seneca One Fin., Inc. v. Bloshuk,* 214 F. Supp. 3d 457, 466 (D. Md. 2016). A civil conspiracy is "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." *Mackey v. Compass Marketing, Inc.*, 391 Md. 117, 128 (2006). Conspiracy thus is dependent on proof of some underlying tort that caused injury to the Plaintiff. *Id*.

As set forth in Flywheel Defendants' Motion to Dismiss, the Complaint fails to state claims for the underlying torts of Misappropriation of Trade Secrets and Unfair Competition, and the purported claims are time-barred in any event. Consequently, because "conspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff," the conspiracy claims in Counts XI and XV must be dismissed. *Marshall v. James B. Nutter & Co.,* 758 F.3d 537, 541 (4th Cir. 2014); *see e.g.*, *Hill v. Brush Eng'red Materials, Inc.*, 383 F. Supp. 2d 814, 824 (D. Md. 2005) (explaining that dismissal of

---

[5] Pursuant to Fed. R. Civ. P. 10(c), Defendant adopts and incorporates by reference herein the arguments set forth in Flywheel Defendants' Motion to Dismiss as it relates to the Plaintiff's failure to state a claim for Misappropriation of Trade Secrets and Unfair Competition.

the claims underlying a conspiracy requires that the "conspiracy claims must be dismissed because they lack an underlying tort.").

Even if the Complaint had alleged cognizable claims for the underlying torts against Flywheel Defendants, the conspiracy claims in Counts XI and XV would nevertheless fail because the Complaint fails to sufficiently allege all elements of a civil conspiracy, namely, a meeting of the minds between Daniel White and any of the Flywheel Defendants. *See Hill*, 383 F. Supp. 2d at 824 ("To withstand dismissal, for each conspiracy she must specifically allege the agreement itself, including its time, place, and the identity of the co-conspirators."). The Complaint contains conclusory allegations that all "Defendants agreed to work together in concert" but is devoid of any allegations of fact sufficient to state a claim for civil conspiracy. *See Iqbal*, 556 U.S. at 678 (stating that a complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement").

### B. Compass Fails to State a Claim for Fraudulent Concealment/Fraud (Count X)

Rule 9 of the Federal Rules of Civil Procedure requires that, where fraud is alleged, a party must state "with particularity the circumstances constituting fraud[.]" In order to state a claim for fraudulent concealment, a plaintiff must allege: the defendant had a duty to disclose; the defendant failed to disclose a material fact; with the intent to deceive; the plaintiff acted in justifiable reliance upon the concealment; and the plaintiff suffered damages as a result of the concealment. *See Hoffman v. Stamper,* 385 Md. 1, 32–38 (2005). Compass fails to allege each of these elements.

Count X contains only a conclusory allegation that Compass "relied upon Michael and Daniel's deceitful actions, including by declining to pursue legal action against [the Flywheel Defendants] due to Daniel's conflicted legal advice that resulted from his undisclosed financial

15

interest in Flywheel." Compl. ¶ 311. Because reliance on "deceitful actions" does not identify the conduct relied upon, it does not satisfy the particularity requirement of Rule 9(b). The only allegation of fact which purports to state a claim for fraudulent concealment is the allegation that Daniel White concealed an alleged interest in Flywheel.[6]

In short, the Complaint alleges nothing more than reliance upon legal advice that Compass sought out from Daniel White. Moreover, Compass fails to demonstrate that they were justified in relying on legal advice from Daniel White who was not legal counsel for Compass and did not serve in the role of General Counsel as demonstrated by Compass's own organizational chart in which Daniel White's role is noted as "Senior Advisor."[7] Compl. ¶ 92.

Even if Compass plausibly alleged justifiable reliance on Daniel White's legal advice, they do not allege that this legal advice was flawed, incorrect, or without basis. Compl. ¶¶ 81, 89. Compass thus fails to set forth any facts or context to show the element of intent to deceive. Nor does Compass allege that but for the concealment of the alleged "conflict," Compass would have taken legal action against the Flywheel Defendants. Even if Compass had so alleged, their claim would nevertheless fail because they do not allege that they suffered damages as a direct result of their reliance. Indeed, Compass could not plausibly allege that had they pursued legal action they would have prevailed and therefore prevented the damages they claim to have sustained as a result of the Flywheel Defendants' conduct. Consequently, Compass fails to demonstrate that the

---

[6] Compass sets forth no facts demonstrating that Daniel White has ever possessed a financial interest in Flywheel.

[7] Compass also alleges that Daniel White "oversaw legal and accounting," yet their own organizational chart demonstrates that Daniel White was not directly responsible for oversight of any employee or division. Compl. ¶ 92. Accepting as true Compass's representation that the organizational chart is an internal Compass document that was created in 2014, this Court should accept the representations therein and disregard the allegations in the Complaint that conflict with Compass's own organizational chart.

16

allegedly concealed conflict of interest was a "material fact" as required for a claim of fraudulent concealment. Accordingly, Count X must be dismissed for failure to state a claim for which relief may be granted.

### C. Compass Fails to State Claims for Conspiracy to Commit Fraudulent Concealment/Fraud (Count XVI) and Aiding and Abetting (Count XXI)

As discussed above, the Complaint fails to state a claim for Fraudulent Concealment/Fraud, and any purported clam is time-barred in any event. Because Maryland does not recognize civil conspiracy or aiding and abetting as separate torts "capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff," the claims for conspiracy and aiding and abetting in Counts XVI and XXI must be dismissed. *Marshall*, 758 F.3d at 541; *Bloshuk,* 214 F. Supp. 3d at 466.

Even if the Complaint adequately pleaded a claim for Fraudulent Concealment/Fraud, the conspiracy claims in Counts XVI would nevertheless fail because the Complaint fails to sufficiently allege all elements of a civil conspiracy, namely, a meeting of the minds between Daniel White and any of the Flywheel Defendants. *See Hill*, 383 F. Supp. 2d at 824 ("To withstand dismissal, for each conspiracy she must specifically allege the agreement itself, including its time, place, and the identity of the co-conspirators."). The Complaint contains conclusory allegations that all "Defendants agreed to work together and in concert" but is devoid of any allegations of fact sufficient to state a claim for civil conspiracy.

Similarly, the Complaint fails to adequately plead the elements of aiding and abetting which include: independent tortious conduct; substantial assistance, aid, or encouragement to the principal tortfeasor; and actual knowledge of the aider and abettor of the wrongful conduct and his role in furthering such conduct. *See Saadeh v. Saadeh, Inc.,* 150 Md. App. 305, 328 (2003);

*Rice v. Paladin Enterprises, Inc.,* 128 F.3d 233, 251 (4th Cir. 1997). The Complaint contains conclusory assertions that that Defendants "substantially assisted and encouraged one another" and refers to their independent actions as the "coordinated actions of Defendants" without allegations of fact to demonstrate coordination, much less an intentional rendering of substantial assistance to knowingly aid in the commission of tortious conduct.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant Daniel White's Motion to Dismiss.

Respectfully submitted,

MARCUSBONSIB, LLC

   /s/ *Bruce L. Marcus*
Bruce L. Marcus (Bar No. 06341)
Sydney M. Patterson (Bar No. 19036)
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
Telephone: (301) 441-3000
Fax: (301) 441-3004
bmarcus@marcusbonsib.com
spatterson@marcusbonsib.com