**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| COMPASS MARKETING, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-00379-GLR |
| | * | |
| FLYWHEEL DIGITAL LLC, et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF COMPASS MARKETING, INC., BY ITS COURT-APPOINTED CUSTODIAN, TO COMPEL FORMER COUNSEL TO PRODUCE THE CLIENT FILE, ENGAGEMENT AND AUTHORITY DOCUMENTS, BILLING AND TRUST-ACCOUNT RECORDS**

Compass Marketing, Inc. ("Compass"), by and through Daniel J. White, its court-appointed Custodian *pendente lite* and Maryland counsel for purposes of this Motion, respectfully moves for a narrow, collateral order compelling former counsel Morgan, Lewis & Bockius LLP ("Morgan Lewis"), King & Spalding LLP ("King & Spalding"), and Kagan Stern Marinello & Beard, LLC ("KSMB") (collectively, "Former Counsel") to produce to the Custodian the Compass client file, engagement authority documents, and billing and Compass trust-account records for this action.

This Motion does not seek reopening of the merits, vacatur of the dismissal, or any relief from judgment. It concerns a narrow collateral dispute arising directly from the representation conducted in this Court, namely Former Counsel's continuing refusal to deliver the corporation's own client file, engagement and authority documents, and billing and Compass trust-account records to Compass's lawful court-appointed fiduciary. The requested relief supports this Court's exercise of ancillary jurisdiction over collateral attorney matters directly connected to the

representation and proceedings before this Court and falls within its inherent authority to supervise lawyers who practiced before it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461-62 (4th Cir. 1993); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991).

The Custodian requests only what a former client is presumptively entitled to receive from its former lawyers: the file generated in the representation, the documents that show who was retained and, on whose authority, and the billing and trust-account records that reflect handling of client-owned funds in connection with that representation. Broader disputes concerning corporate accounting, payments to affiliated entities, malpractice, fiduciary-duty claims, fraudulent transfer, and any disciplinary allegations are reserved and are not before this Court on this Motion.

### Preliminary Statement

Compass's court-appointed Custodian demanded that Former Counsel deliver the Compass client file, engagement and authority documents, and billing and Compass trust-account records for this action. Former Counsel have refused to produce them. A former client is presumptively entitled to its own client file and to the papers, property, and records associated with the representation, and counsel may not withhold those materials to secure leverage against the client. *See* Md. Rule 19-301.16(d); D. Md. Loc. R. 704; *Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 322 (2012); *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 689 N.E.2d 879, 881-83 (N.Y. 1997).

The materials requested are directly connected to the representation conducted in this Court: engagement letters; documents concerning who instructed Former Counsel to commence or maintain this action; pleadings, drafts, correspondence, and substantive work product, factual materials, and internal communications prepared in furtherance of Compass's representation in

this action, subject to any specifically logged exception; discovery materials generated; work product and factual materials prepared for this action; invoices, billing statements, payment histories, and client ledgers; and any trust-account or escrow records reflecting the receipt, maintenance, transfer, or disbursement of funds owned by Compass or held for Compass in connection with this action.

The requested files are necessary to permit the Custodian to determine who purported to authorize the action, what information was provided to counsel concerning the factual basis of the claims, and what obligations and expenses were incurred in Compass's name in connection with this action.

Federal courts retain power after dismissal to resolve collateral disputes concerning attorneys who appeared before them, including disputes over the client file and litigation-related records generated in the prior case. *Kokkonen*, 511 U.S. at 379-80.

This Court also possesses inherent authority to supervise attorneys who practiced before it. *See Chambers*, 501 U.S. at 43-46; *Shaffer Equip.*, 11 F.3d at 461-62. Because this Court applies the Maryland Attorneys' Rules of Professional Conduct through Local Rule 704, those Rules supply the governing professional standards for the requested turnover.

## Factual Background

### A. Procedural setting

1. This action was filed in this Court in 2022 in Compass's name and was later dismissed. *See Compass Marketing, Inc. v. Flywheel Digital LLC*, No. 1:22-cv-00379-GLR (D. Md.), aff'd, No. 23-1324 (4th Cir. July 3, 2024), mandate issued (Oct. 8, 2024) (ECF No. 72).

2. Compass does not seek to vacate the dismissal, reopen the merits, or reinstate any claim.

3

3.    Compass instead seeks a narrow collateral order directed to attorneys who appeared or practiced before this Court in connection with this action, and who continue to possess Compass's client file and related records for this action.

**B. Custodian authority**

4.    On May 1, 2026, the Circuit Court for Arlington County, Virginia, entered an Order Appointing Custodian *Pendente Lite* in *Michael R. White, et al. v. Compass Marketing, Inc.*, No. CL21004012-00 (the "Custodian Order"). A certified copy is attached as **Exhibit A**. The Custodian Order remains in effect and has not been stayed, modified, or superseded.

5.    The Custodian Order provides in relevant part:

¶ 1. "Daniel J. White is appointed Custodian *pendente lite* of Compass Marketing, Inc. with full authority over its assets, books, records, bank accounts, contracts, and pending litigation, and may retain counsel for Compass."

¶ 2. "John D. White, all current and former officers, agents, and counsel of Compass, and all third parties holding Compass property or records shall cooperate with the Custodian and produce records, credentials, and account access on demand."

¶ 3. "Pending further order, John D. White and any person acting in concert with him are ENJOINED from … (c) holding out any person other than the Custodian as authorized to act for Compass."

6.    The Custodian Order was entered under Va. Code § 13.1-748 and is an authenticated state judicial proceeding to which this Court owes full faith and credit. *See* 28 U.S.C. § 1738.

7.    Because Compass is a Virginia corporation, Virginia law governs who presently has authority to act for the corporation on internal-governance matters. *See Edgar v. MITE*

*Corp.*, 457 U.S. 624, 645 (1982); *Tomran, Inc. v. Passano*, 391 Md. 1, 12-13 (2006); *Gilman v. Wheat, First Sec., Inc.*, 345 Md. 361, 370-71 (1997).

8. The Custodian Order, by its terms, vests the Custodian with full authority over Compass's books, records, and pending litigation, authorizes him to retain counsel for Compass, and commands Compass's former counsel to cooperate with the Custodian and produce records on demand. Consistent with that authority, the corporate attorney-client privilege is exercised by the Custodian. *Cf. CFTC v. Weintraub*, 471 U.S. 343, 348-49 (1985) (control of the corporate attorney-client privilege passes with lawful control of the corporation).

## C. Former counsel and refusal

9. Morgan Lewis and King & Spalding appeared as counsel for Compass in this Court.

10. KSMB participated in the representation of Compass in connection with this action and created, received, or possesses materials in connection with this action, and later appeared for Compass on appeal in *Compass Marketing, Inc. v. Flywheel Digital LLC*, No. 23-1324 (4th Cir.). The relief requested in this Motion as to KSMB includes materials KSMB created, received, or possesses in connection with this action.

11. The Custodian repeatedly demanded production of Compass's client files and related records for this action and provided Former Counsel with the certified Custodian Order.

12. Morgan Lewis has acknowledged the demand but has not produced the requested records. King & Spalding has not responded to the Custodian's communications and has produced no responsive materials. KSMB, through counsel, transmitted publicly available docket filings but has not produced the nonpublic client file or the directly connected records requested in this Motion.

**Argument**

**I. The Court has ancillary jurisdiction and inherent authority to order turnover of the client file and related records for this action.**

13.    A federal court retains ancillary jurisdiction over collateral matters after dismissal where doing so is necessary to manage its proceedings, vindicate its authority, or effectuate its decrees. *Kokkonen*, 511 U.S. at 379-80. Disputes concerning attorneys' conduct and litigation files generated in the case have been treated as collateral matters when sufficiently connected to the representation and proceedings before the court. *See Jenkins v. Weinshienk*, 670 F.2d 915, 918-19 (10th Cir. 1982); *Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212, 217 (3d Cir. 1987).

14.    *Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981) (per curiam), is not to the contrary. *Taylor* rejected ancillary jurisdiction over a private, contractual fee-splitting dispute between two attorneys that neither arose from necessity in the underlying litigation nor affected the litigants or the outcome and involved funds the district court did not control. The Motion here is different in kind. It is brought by the former client itself, invoking the Court's authority under the second branch of *Kokkonen* to manage its proceedings and effectuate its decrees, *see* 511 U.S. at 379-80, and its inherent supervisory authority over attorneys who practiced before it, *see Chambers*, 501 U.S. at 43-46. It concerns Compass's own client file, engagement and authority documents, and billing and trust-account records generated in this action and seeks relief directly from attorneys who represented Compass in connection with proceedings before this Court. *Taylor* did not address, and does not foreclose, the exercise of ancillary jurisdiction on that footing.

15. This Court likewise possesses inherent authority to supervise attorneys who practiced before it. *Chambers*, 501 U.S. at 43-46; *Shaffer Equip.*, 11 F.3d at 461-62. That authority extends to ordinary supervisory measures such as ordering turnover of the client file and litigation-related records generated in a case before the Court.

16. The relief requested here is deliberately modest and properly collateral. Compass seeks turnover of its own client file and directly related engagement, authority, billing, and Compass trust-account records for this action, together with a preservation obligation, a withholding log, a responsible-attorney certification, and in-camera resolution of any genuine exceptions. Broader relief, including sanctions, disgorgement, malpractice, fiduciary duty, or fraudulent transfer is not requested and is reserved for separate proceedings if warranted.

## II. The Court should recognize the certified Custodian Order and the Custodian's authority to receive Compass's files.

17. The authority to manage a corporation's affairs and control its records is ordinarily determined by the law of the state of incorporation. *Edgar*, 457 U.S. at 645; *Tomran*, 391 Md. at 12-13; *Gilman*, 345 Md. at 370-71.

18. The Custodian Order is a duly authenticated state judicial proceeding of the Circuit Court for Arlington County, Virginia, entered under Va. Code § 13.1-748, and is entitled under 28 U.S.C. § 1738 to the same recognition here that it would receive in the courts of Virginia. *See Baker v. Gen. Motors Corp.*, 522 U.S. 222, 232-33 (1998). On the question Virginia law commits to the Virginia court, namely who presently has lawful authority to act for and receive the records of Compass, a Virginia corporation, under Va. Code § 13.1-748, that recognition is the operative point.

19. So recognized, the Custodian Order conclusively answers the corporate-authority question presented here: the Custodian, not any former officer, agent, or constituent, presently has authority over Compass's books, records, and pending litigation, may retain counsel for Compass, and is the person to whom Compass's own records are properly delivered. *See* Custodian Order ¶¶ 1, 3(c). Compass does not ask this Court to enforce the Virginia court's injunction against Former Counsel. The turnover obligation rests independently on this Court's ancillary and supervisory authority (Part I supra) and on the professional obligations owed by attorneys who practiced before this Court (Part III infra), with the Custodian Order supplying the conclusive answer to who presently speaks for the client.

20. Consistent with that grant of corporate authority, the corporate attorney-client privilege as to Compass's records is exercised by the Custodian. *Cf. Weintraub*, 471 U.S. at 348-49.

**III. Maryland professional-conduct rules require production of the client file and directly connected records.**

21. Under Local Rule 704, this Court applies the Maryland Attorneys' Rules of Professional Conduct to attorneys practicing before it. *See* D. Md. Loc. R. 704.

22. Maryland Rule 19-301.16(d) requires a lawyer, upon termination of representation, to take reasonable steps to protect the client's interests, including surrendering files and property to which the client is entitled. *See also* Maryland Rules Order at 21–23 (Nov. 9, 2022) (deleting former Rule 2-652(a), concerning retaining liens).

23. Ethics authorities and courts applying analogous rules recognize that the former client is presumptively entitled to the client file and that counsel may not withhold the file to secure leverage against the client. *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*,

689 N.E.2d 879, 881-83 (N.Y. 1997); *Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 322 (2012).

24. Maryland Rules 19-301.15(d) and 19-407 require complete records of funds and property in which the client has an interest and that were received or held by the lawyer and require prompt accounting of such funds upon request. *See* Md. Rules 19-301.15(d), 19-407; *Attorney Grievance Comm'n v. Rand*, 445 Md. 581, 605-06 (2015). The billing statements, payment histories, and trust-account records requested here fall squarely within that duty.

25. The client for purposes of the representation is Compass, the organization, and the file and directly connected records therefore belong to Compass, acting through its present lawful fiduciary. *See* Md. Rule 19-301.13(a).

26. To the extent Former Counsel contend that some of materials may properly be withheld, any such contention must be presented with specificity on a log identifying each item withheld, the date, author, recipients, and the precise legal basis asserted for withholding, so that the Court may resolve any genuine exception on the papers or in camera.

### **Requested Relief**

WHEREFORE, Compass respectfully requests that this Court enter an Order:

1. Recognizing Daniel J. White, in his capacity as court-appointed Custodian *pendente lite* of Compass Marketing, Inc. under the May 1, 2026 Custodian Order, as the person presently authorized to act for Compass with respect to the matters addressed in this Motion;

2. Compelling Morgan, Lewis & Bockius LLP, King & Spalding LLP, and Kagan Stern Marinello & Beard, LLC to produce to the Custodian, on the schedule set forth in the Proposed Order, the Compass client file for this action, engagement and authority documents concerning this action, billing statements, payment histories, client ledgers,

records of advance fees or expense deposits, and all trust-account or escrow records reflecting receipt, maintenance, transfer, or disbursement of funds owned by Compass or held for Compass in connection with this action;

3.    Directing that production be made in native or reasonably usable electronic form, organized as maintained in the ordinary course to the extent practicable;

4.    Directing that production may not be conditioned on payment of disputed fees, execution of a release, or any other extra-judicial condition;

5.    Directing any respondent withholding or redacting any item to produce the remainder and simultaneously serve a detailed withholding log identifying the item withheld, the date, author, recipients if any, and the precise legal basis asserted for withholding, so that any genuine exception may be resolved on the papers or in camera;

6.    Requiring each respondent to preserve all records and electronically stored information within the scope of the production obligation pending further order of the Court;

7.    Requiring each respondent to submit a certification, signed by a partner or other responsible attorney, describing the repositories searched, the categories collected, and the steps taken to ensure complete production;

8.    Retaining jurisdiction to resolve disputes concerning the scope of production, logged withholding, and compliance with the Court's Order; and

9.    Granting such other and further relief as the Court deems just and proper.

### **Request for Hearing**

Compass respectfully requests a hearing pursuant to Local Rule 105.6 if the Court concludes that oral argument or limited factual development would assist the Court in resolving the Motion.

10

Respectfully submitted,


/s/ Daniel J. White
Daniel J. White, Esq.
Court-appointed Custodian *pendente lite* for Compass Marketing, Inc.
D. Md. Bar No. 21937
Maryland AIS No. 0201030014
Virginia State Bar No. 98775
Post Office Box 1760
Leonardtown, Maryland 20650
Telephone: 240-298-8156
Email: daniel.white@danielwhite.law

11

**Certificate of Service**

I HEREBY CERTIFY that on July 31, 2026, a copy of the foregoing Motion, together with the Proposed Order and Exhibit A, was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record. In addition, a courtesy copy was served on the following by electronic mail or first-class mail, postage prepaid:

**Morgan, Lewis & Bockius LLP:** James Kritsas, Esq., Michael Ableson, Esq., Natalie Bennett, Esq., Steven Luxton, Esq., Susan Stradley, Esq., Troy S. Brown, Esq., and Rachel Ward, Esq.

**King & Spalding LLP:** Hon. Rod J. Rosenstein, Esq. and Mark Brown, Esq.

**Kagan Stern Marinello & Beard, LLC:** Stephen Stern, Esq., Michael Marinello, Esq., and Meagan Borgerson, Esq.

/s/ Daniel J. White
Daniel J. White, Esq.

12