**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| COMPASS MARKETING, INC., | * | |
|    *Plaintiff,* | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-00379-GLR |
| | * | |
| FLYWHEEL DIGITAL LLC, et al., | * | |
|    *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>ORDER</u>**

Upon consideration of the Motion of Compass Marketing, Inc., by its court-appointed Custodian pendente lite, to Compel Former Counsel to Produce the Client File, Engagement and Authority Documents, Billing and Trust-Account Records (the "Motion"), any opposition, and the record, and the Court having found good cause, it is this _____ day of _____, 2026, by the United States District Court for the District of Maryland,

**ORDERED, ADJUDGED, and DECREED as follows:**

1.    The Motion is GRANTED. Daniel J. White, Esq., in his capacity as court-appointed Custodian pendente lite of Compass Marketing, Inc., a Virginia corporation, under the May 1, 2026 Order Appointing Custodian Pendente Lite in Michael R. White, et al. v. Compass Marketing, Inc., No. CL21004012-00 (Va. Cir. Ct. Arlington County), is RECOGNIZED as the person presently authorized to act for Compass with respect to the matters addressed in the Motion, including receipt of Compass's client file and related records, direction of Compass's pending litigation, and exercise of Compass's attorney-client privilege and work-product protection with respect to this action.

2.	Within twenty-one (21) days after entry of this Order, Morgan, Lewis & Bockius LLP, King & Spalding LLP, and Kagan Stern Marinello & Beard, LLC (collectively, "Former Counsel") shall produce to the Custodian, in native or reasonably usable electronic form and organized as maintained in the ordinary course of business to the extent practicable, the Compass client file for the above-captioned action, engagement and authority documents concerning this action, billing statements, payment histories, client ledgers, records of advance fees or expense deposits, and all trust-account or escrow records reflecting the receipt, maintenance, transfer, or disbursement of funds owned by Compass or held for Compass in connection with this action.

3.	Production shall not be conditioned on payment of any disputed fees, execution of any release, or any other extra-judicial condition.

4.	Any Former Counsel withholding or redacting any responsive item shall (a) produce the remainder of the responsive material, and (b) simultaneously serve on the Custodian a detailed withholding log identifying the item withheld or redacted, the date, author, recipients if any, and the precise legal basis asserted for withholding or redaction, so that any genuine exception may be resolved on the papers or in camera.

5.	Each Former Counsel shall preserve all records and electronically stored information within the scope of the production obligation pending further order of the Court.

6.	Within seven (7) days after production is complete, each Former Counsel shall serve on the Custodian a certification, signed by a partner or other responsible attorney, describing the repositories searched, the categories collected, and the steps taken to ensure complete production.

7.	The Court retains jurisdiction to resolve disputes concerning the scope of production, logged withholding, and compliance with this Order.

**8.**     The Clerk shall serve a copy of this Order on all counsel of record through the Court's

CM/ECF system. The Custodian shall additionally serve a copy of this Order on any Former

Counsel not receiving service through CM/ECF by first-class mail and electronic mail.


**SO ORDERED.**


_____

**The Honorable George L. Russell III**
Chief Judge, United States District Court
for the District of Maryland