GIBSON DUNN

September 4, 2026

VIA ECF

The Honorable Erin Aslan
United States Magistrate Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re: Non-Party Morgan, Lewis & Bockius LLP's Response to Motion to Compel, *Compass Marketing, Inc. v. Flywheel Digital LLC, et al*., No. 1:22-cv-00379

Dear Judge Aslan:

We represent Morgan, Lewis & Bockius LLP ("Morgan Lewis"), a non-party law firm that previously represented plaintiff Compass Marketing, Inc. ("Compass") in the long-closed litigation referenced above (the "Flywheel Litigation"). We write regarding the motion to compel filed by Daniel Joseph White—who purports to act as custodian *pendente lite* for Compass—on July 30, 2026 (the "Motion"). In the Motion, Mr. White seeks the "client file" from various firms relating to the Flywheel Litigation.

Contrary to Mr. White's certification in the Motion, neither Morgan Lewis nor any of its relevant attorneys (all of whom are marked as "terminated" on the docket) received service of the Motion. Morgan Lewis first learned of the Motion this week, on September 1, 2026, when it saw a notification that it had been referred to Your Honor for disposition.

By way of background, Compass—then represented by Morgan Lewis—filed the Flywheel Litigation on February 14, 2022 against several defendants, including Mr. Daniel White. The court granted defendants' motions to dismiss on February 24, 2023, and terminated the case the same day. Compass, represented by other counsel, then appealed, and the Fourth Circuit affirmed on July 3, 2024.

Mr. White had no basis to file the Motion in this long-dismissed litigation. The Motion wholly elides the fact that he and his siblings are presently engaged in contentious litigation across multiple jurisdictions as to which of them controls Compass. During the Flywheel Litigation, for example, Mr. White's brother, John White, served as Compass's chairman and CEO—and Virginia's official State Corporation Commission still lists him as such. Public dockets, however, reflect that Mr. White and his brother Michael White have since been litigating against John White in the circuit courts of Virginia and Maryland claiming that they now control Compass. *See, e.g.*, *Michael White et al. v. Compass Marketing, Inc. et al.,* Case No. CL21004012-00 (Va. Cir.), *John White v. Michael White, et al.*, (Md. Cir.) C-02-JG-001696. Indeed, the recent custodian order Mr. White attaches to the Motion is the subject of an appeal in the Virginia state action.

In any event, there is no "dispute" that is even ripe for adjudication. Contrary to Mr. White's claim, Morgan Lewis has never "refused to produce" Compass's files to Compass. Nor has Morgan Lewis ever asserted a "retaining lien" as the Motion erroneously suggests. *See* Mot. ¶¶ 21-26. As Morgan Lewis has previously explained to Mr. White, the firm has an ethical obligation to ensure that client materials are shared only with those specifically authorized to receive them. As such, Morgan Lewis has repeatedly sought assurances that the person seeking the file is the properly authorized representative and for confirmation of the status of the ongoing disputes over the control of Compass, particularly the appeal of the custodian order. *See* Exhibit A (July 13, 2026 Letter).

Mr. White never responded to Morgan Lewis's last letter sent nearly eight weeks ago, and his conduct has become concerningly erratic. Morgan Lewis has recently learned that he has been contacting former Morgan Lewis attorneys, including an associate who now works at the Department of Justice, demanding they immediately produce the "client file" to which he knows they have no physical or legal access. Now, he improperly seeks to involve the federal courts with a Motion that has no place in this matter and that he did not even serve on Morgan Lewis.

But separate and apart from these defects, the Motion suffers from a threshold jurisdictional problem. Mr. White's claim that this Court should exercise its "ancillary jurisdiction" to hear and decide the Motion is legally infirm. The Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)—one of the cases on which Mr. White purports to rely—held that federal ancillary jurisdiction applies only in two limited circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent …; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." 511 U.S. at 379–80. Conceding that the first prong is inapposite here, Mr. White purports to "invok[e] the Court's authority under the second branch of *Kokkonen* to manage its proceedings and effectuate its decrees." Mot. ¶ 14. But there are no ongoing "proceedings" for this Court to "manage," and the subject of the Motion—production of Compass's "client file"—is in no way necessary to enforce any "decree" in the long-since-terminated underlying action. Indeed, *Kokkonen* found that there was no basis to exercise ancillary jurisdiction to enforce the very settlement agreement that had ended the underlying litigation. 511 U.S. at 380–81 ("the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged" basis for ancillary jurisdiction). The connection Mr. White seeks to draw here is vastly more attenuated.[1]

Consistent with its ethical and legal obligations, Morgan Lewis stands ready to provide Compass with the client file as soon as it is clear who the appropriate representative will be and the various challenges or appeals to Mr. White's custodian order are concluded. But this Court is not the proper forum, nor

[1] The other cases cited also do not help Mr. White's cause. *Jenkins v. Weinshienk*, 670 F.2d 915 (10th Cir. 1982) concerned a dispute over the court-ordered terms under which a party's attorney would be permitted to withdraw from a then-pending litigation. *Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212, 217 (3d Cir. 1987) also involved counsel that was terminated mid-litigation, and a court order permitting that attorney to seek fees and costs "[a]t the conclusion of the case." *Id.* at 214, 217. Unlike those cases, the relief Mr. White seeks does not "bear directly upon the ability of the court to dispose of cases before it in a fair manner," *id.*, as there is nothing pending before this Court.

is federal motion practice the proper vehicle, for that discussion. We respectfully request that the Motion be denied. Should the Court prefer to resolve the Motion on formal briefing, Morgan Lewis is prepared to submit a full opposition on whatever schedule the Court directs. We thank the Court for its attention to this matter.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

George J. Hazel (Bar No. 31030)
1700 M Street, N.W.
Washington DC 20036-4504
202.887.3674
ghazel@gibsondunn.com

Nancy E. Hart
200 Park Avenue
New York, NY 10166-0193
212.351.3897
nhart@gibsondunn.com

cc (*via ECF and Certified Mail*): Daniel J. White