# Exhibit A

**From:** Andrisani, Nathan J. <nathan.andrisani@morganlewis.com>
**Sent:** Monday, July 13, 2026 6:10 PM
**To:** Daniel White <daniel.white@danielwhite.law>
**Cc:** Coffey, Michèle A. <michele.coffey@morganlewis.com>
**Subject:** RE: Court Ordered Custodian Demand Compass Marketing, Inc. Records

Dear Mr. White,

We write in response to your letters of July 8, 2026 and July 9, 2026 regarding the Custodian's demand for the client file of Compass Marketing, Inc. We address below the mischaracterizations in your correspondence and the single issue that remains outstanding before production can proceed.

As explained in our prior correspondence, and as you now acknowledge, our June 16, 2026 email—which was purportedly "intercepted" by your "spam filter"—set out the multiple reasons the file had not yet been transferred and requested confirmatory materials regarding the status of the various active disputes over control of Compass Marketing and whether those disputes and appeals had been fully resolved. You never responded and the requested materials were not provided. Any delay in the interim is therefore attributable to the absence of any response on your end, not to any failure or refusal by the Firm.

Our request for confirmation was, and remains, the most prudent course under the circumstances. As we noted on June 16, the firm has an ethical obligation to ensure that client materials are shared only with those specifically authorized to receive them, and the multiple litigations across jurisdictions disputing control of Compass Marketing made that obligation particularly acute. At the time, the order on which you rely was being actively challenged and a motion seeking an emergency stay and leave to appeal was pending. In that setting, seeking confirmation of the status of the appointment and of any pending challenges or appeals before transferring the client's file was a reasonable and responsible step, not an improper condition. Nor is there in exigency here, given that the Firm's representation of Compass concluded more than three years ago following the district court's decision, and that litigation is no longer ongoing. Compass cannot suffer any prejudice from its former lawyers taking care to get this right, particularly where the purported owners of Compass are presently litigating with one another on multiple fronts.

You have still not provided the confirmation we requested. We have, however, independently reviewed the public docket and confirmed that the emergency motion to stay the Custodian Order was recently denied. We understand, however, from the docket that a notice of appeal from the relevant order has now been filed and is pending. Once that appeal is resolved (and assuming it is done so in your favor), we will begin the transfer and will coordinate logistics with you promptly

Two further points require corrections:

First, the Firm has only represented Compass Marketing, Inc. in connection with its dispute with Flywheel which was reflected in the governing engagement letters. Second, the firm has not conditioned, and has never conditioned, production of the client file on payment of its outstanding invoices. We noted in prior correspondence that the firm is still owed $225,284 for its legal work for Compass Marketing, and that observation

stands on its own. We do not treat the file as collateral for the fee claim, and any suggestion in your letters that the firm has linked the two is incorrect.

We appreciate your stated willingness to make the logistics of the transfer as efficient as possible, and we share that goal. Once the pending appeal has been resolved, we will proceed with the production of the client file.

Nate

**Nathan J. Andrisani**
**Morgan, Lewis & Bockius LLP**
2222 Market Street | Philadelphia, PA 19103-3007
Direct: +1.215.963.5362 | Main: +1.215.963.5000 | Mobile: +1.610.996.6585 | Fax: +1.215.963.5001
Assistant: Donna M. Gappa | +1.215.963.4858 | donna.gappa@morganlewis.com
nathan.andrisani@morganlewis.com | www.morganlewis.com

Attorney-client privileged

**From:** Daniel White <daniel.white@danielwhite.law>
**Sent:** Thursday, July 9, 2026 4:23 PM
**To:** Coffey, Michèle A. <michele.coffey@morganlewis.com>; Andrisani, Nathan J. <nathan.andrisani@morganlewis.com>
**Cc:** Stradley, Susan <susan.stradley@morganlewis.com>; McKeon, Jami Wintz <jami.mckeon@morganlewis.com>; McManus, David A. <david.mcmanus@morganlewis.com>; Brown, Troy S. <troy.brown@morganlewis.com>; Luxton, Steven A. <steven.luxton@morganlewis.com>; Bennett, Natalie A. <natalie.bennett@morganlewis.com>; Ableson, Michael James <michael.ableson@morganlewis.com>; james.kritsas@morganlewis.com; Ward, Rachel <cxxrachel.ward@morganlewis.com>
**Subject:** Court Ordered Custodian Demand Compass Marketing, Inc. Records

[EXTERNAL EMAIL]

Mr. Andrisani:

My letter of July 9, 2026 is attached, together with another copy of the certified May 1, 2026 Order. The letter sets out the record and the July 13 deadline. Hard copies follow by U.S. Mail.

Daniel J. White, Esq. Custodian pendente lite of Compass Marketing, Inc. (240) 298-8156 | daniel.white@danielwhite.law

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.