**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| COMPASS MARKETING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:22-cv-00379-JKB |
| FLYWHEEL DIGITAL LLC, et al., | ) | |
| Defendants. | ) | |

**NON-PARTY KING & SPALDING LLP's**
**RESPONSE IN OPPOSITION TO MOTION TO COMPEL**

Non-party King & Spalding LLP, formerly co-counsel to plaintiff Compass Marketing, Inc. ("Compass") in this action, files this opposition to Compass's motion to compel (dkt. 74) (the "Motion").

In the Motion, Compass, represented by Daniel J. White, who asserts he is Compass's custodian *pendente lite*, seeks production of Compass's "client file" and related records from Compass's former lawyers in this action, including King & Spalding. Because no dispute over the file is ripe for adjudication, Mr. White's authority to act for Compass is in question, and this Court lacks jurisdiction to entertain such a dispute in any event, the Court should deny the motion.

## BACKGROUND

Compass filed the underlying lawsuit on February 14, 2022. King & Spalding attorneys entered their appearances on behalf of Compass in April 2022 and remained co-counsel, with lawyers from Morgan, Lewis & Bockius, until the District Court granted the defendants' motions to dismiss on February 24, 2023, and closed the case. After Compass appealed, the Fourth Circuit affirmed the judgment for the defendants in 2024.

King & Spalding learned of the Motion on September 8, 2026, when the Motion was delivered via email from the Court's case administrator. Through reviewing the Motion, King & Spalding learned of Daniel White's prior communications to King & Spalding regarding the client file, which he says went unanswered. Motion at 5. In fact, it appears that Mr. White sent letters via email to several King & Spalding partners but did not send hard copies, and the emails were caught in the firm's email spam filter and never delivered to the intended recipients.

## ARGUMENT

The Court should deny the Motion for three reasons.

First, no dispute over the "client file" is ripe for adjudication. As discussed above, Compass's prior requests, made through Daniel White, were not delivered to the intended recipients because the emails were caught in the firm's spam filter, and Mr. White did not send his letters in hard copy. In fact, King & Spalding has no

objection to providing the client file to Compass upon request from a person authorized to speak for Compass.

Second, there is reason to question whether Daniel White is in fact duly authorized to act for Compass. King & Spalding is reliably informed and believes that Daniel White and his brothers Michael and John are in the midst of ongoing disputes over the control of Compass. The litigation in Arlington County, Virginia in which the Circuit Court entered the Order Appointing Custodian Pendente Lite (attached to the Motion; the "Custodian Order") appears to be one front of that dispute. *See Michael White et al. v. Compass Marketing, Inc.*, Case No. CL21004012-00 (Va. Arlington County Cir. Ct.). From the docket, it appears that John White has appealed the Arlington Circuit Court's decisions (including presumably the Custodian Order) to the Court of Appeals of Virginia. *See John D White v. Michael R. White et al.*, Case No. 124626 (Va. Ct. App.).

Adding to King & Spalding's cause for concern, the same Daniel White who is asking for the client file on behalf of Compass was a *defendant* in the underlying case, sued by Compass for fraud, among other allegations. Counsel have good reason to be sure that Mr. White is duly authorized to act for Compass before providing him the file concerning Compass's case against him.

Third, even if there were a ripe dispute to adjudicate, this Court does not have jurisdiction over it. As explained in the letter from counsel to Morgan Lewis (dkt.

77), the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), limits federal ancillary jurisdiction to two narrow circumstances, neither of which is present here. There are no ongoing proceedings for this Court to manage, and production of a former client's file is not necessary to enforce any decree entered in this long-terminated action. The "dispute," if there is one, between counsel and a former client over the client file, is wholly collateral to underlying action.

For these reasons, King & Spalding respectfully asks that the Court deny the Motion.

Respectfully submitted, this 22nd day of September, 2026.

KING & SPALDING LLP

*/s/ Mark S. Brown*
Mark S. Brown
(Federal Bar No.: 09100)
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006-4707
Telephone: 202-626-5443
Email: mbrown@kslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to counsel of record registered to receive CM/ECF notices.

*/s/ Mark S. Brown*
Mark S. Brown
(Federal Bar No.: 09100)
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006-4707
Telephone: 202-626-5443
Email: mbrown@kslaw.com