**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| COMPASS MARKETING, INC.,<br>Plaintiff,<br>v.<br>FLYWHEEL DIGITAL LLC, et al.,<br>Defendants. | Civ. No. 1:22-cv-00379-GLR |

**NON-PARTY MORGAN, LEWIS & BOCKIUS LLP'S OPPOSITION TO**
**COMPASS MARKETING, INC. 'S MOTION TO COMPEL**

Non-party law firm Morgan, Lewis & Bockius LLP ("Morgan Lewis"), through its counsel, respectfully submits this opposition to the motion to compel filed by Daniel J. White—purportedly acting as custodian *pendente lite* for Compass Marketing, Inc. ("Compass"). Morgan Lewis previously represented Compass in this long-closed litigation that Compass filed against Flywheel Digital, LLC, Mr. White, and others in 2022 (the "Flywheel Litigation"). In his motion, Mr. White seeks the "client file" from various law firms, including Morgan Lewis, relating to the Flywheel Litigation. The motion should be denied for a host of reasons.

First, as a threshold matter, this Court is not the appropriate forum for this issue. The Flywheel Litigation was dismissed and terminated well over three-and-a-half years ago, on February 24, 2023. No order of this Court requires continuing supervision—so neither branch of ancillary jurisdiction applies—nor is there any basis for the Court to hear the motion under its inherent power.

Second, there is no live dispute to adjudicate. Morgan Lewis has never refused to produce the client file, has never asserted a retaining lien (contrary to Mr. White's representation), and stands ready to deliver the file once it is clear who is lawfully authorized to receive it. *See* Dkt. 77-1. But that issue

remains hopelessly murky. Public dockets reveal that Mr. White and his brothers have been engaged in a fierce contest for control of Compass, including in Virginia state court, *Michael White et al. v. Compass Marketing, Inc. et al*., Case No. CL21004012-00 (Va. Cir.), and in Maryland state court, *John White v. Michael White, et al*., (Md. Cir.) C-02-JG-001696. While Mr. White has presented a temporary custodial order from Virginia state court, Dkt. 74-2, this order is the subject of a presently pending appeal by Mr. White's brother, John White—the person still currently listed by Virginia's State Corporation Commission as Compass' Chairman and CEO.

Finally, the relief sought is overbroad. Mr. White improperly attempts to graft civil-discovery machinery—a "withholding log," a responsible-attorney certification describing repositories searched and steps taken, and billing and trust-account records—onto what is a professional-responsibility obligation. *See* Dkt. 74 at 10.

There is no reason to revive a closed federal case more than three years after final judgment or waste judicial resources on an unripe client file request. Morgan Lewis respectfully requests that the Motion be denied.

**BACKGROUND**

In February 2022, Compass—then controlled by Mr. White's brother, John White—filed a lawsuit against Flywheel and Mr. White, among others. Dkt. 1. On February 24, 2023, this court dismissed the complaint and terminated the case. Dkt. 65. The Fourth Circuit affirmed in July 2024. *Compass Mktg., Inc. v. Flywheel Dig.*, LLC, 2024 WL 3292676 (4th Cir. July 3, 2024).

After receiving the temporary custodial order this summer in the Virginia state court, Mr. White began subjecting current and former Morgan Lewis attorneys to scattershot demands for the client file. Nevertheless, Morgan Lewis responded to Mr. White's demands in good faith. Dkt. 77-1. On June 16, 2026, Morgan Lewis informed Mr. White of its ethical obligation to ensure that it released the client file only to the person(s) properly authorized to receive it. *Id.* As Morgan Lewis observed,

the validity of the custodial order that was the apparent basis for Mr. White's demand was but one of several legal fronts on which Mr. White and his brothers were vying for control of Compass. Accordingly, Morgan Lewis asked Mr. White to provide confirmatory materials on the status of active proceedings related to control of Compass. *Id.* He did not do so.

On July 13, 2026, Morgan Lewis affirmed its commitment to convey the client file to Compass once it was clear who was entitled to receive it. *Id.* Given Mr. White's custodial order was the subject of an active appeal, Morgan Lewis explained that ethics and prudence required it to wait until the matter was resolved. *Id.* Morgan Lewis also clarified that it was not withholding—nor had it ever withheld—the client file as collateral for Compass' unpaid legal fees. *Id.*

Mr. White never answered the July 13, 2026 email and instead filed this motion without providing service on Morgan Lewis (an issue subsequently rectified by the Court).

## ARGUMENT

### A. This Court Is Not The Proper Forum For A Client File Request

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Mr. White tacitly concedes that this Court has neither subject matter nor federal question jurisdiction to rule on his motion; instead, he hangs his imposition on this Court on the distended version of ancillary jurisdiction already foreclosed by the Supreme Court's holding in *Kokkonen*. This Court lacks ancillary jurisdiction over Mr. White's motion because all proceedings in the case have been terminated for years, based on an order that does not require the Court's continuing supervision.

A federal court may assert ancillary jurisdiction over a dispute either "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" or "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate

its decrees." *Kokkonen*, 511 U.S. at 379–80. "Ancillary jurisdiction is," accordingly, "separate from original subject matter jurisdiction and is meant to allow the courts to manage proceedings and enforce their own orders." *Wudi Indus. (Shanghai) Co. Ltd. v. Wong*, 143 F. 4th 250, 258 (4th Cir. 2025). Thus, "the continuing jurisdiction involved in the court's inherent power to protect and effectuate its decrees" is not implicated "where the obligation to comply with the terms of the agreement is not enforceable as an order of the court." *Smyth ex. Rel. Smyth v. Rivero*, 282 F. 3d 268, 282 (4th Cir. 2002), *overruled on other grounds by Stinnie v. Holcomb*, 77 F.4th 200 (4th Cir. 2023).

Neither of the two bases for ancillary jurisdiction applies here. First, Mr. White's present demand for the client file is neither a "claim" for relief nor "factually interdependent" with the underlying litigation—a fact Mr. White concedes by relying entirely on the second basis (*see* Dkt. 74 at 6). *Kokkonen*, 511 U.S. at 379. Nor is disposition of the client file necessary "to enable the court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 380. All proceedings in the Flywheel Litigation were concluded more than three years ago when this Court dismissed Compass' complaint and terminated the case. Neither that dismissal order, nor any other order, requires the continuing supervision or jurisdiction of this Court.[1]

Mr. White fails to present any case in which a federal court has exercised ancillary jurisdiction to determine the custody of a client file, particularly in connection with litigation that has long since ended. The out-of-circuit cases he does present pre-date *Kokkonen* and are easily distinguishable. *Jenkins v. Weinshienk* involved a challenge by withdrawing counsel to an order requiring him to provide a client file to substitute counsel in the same, ongoing litigation, even though it was subject to

[1] Indeed, the Supreme Court's decision in *Kokkonen* underscores the narrowness of ancillary jurisdiction, as well as its inapplicability to this dispute. *Kokkonen* rejected an assertion of ancillary jurisdiction to enforce a settlement agreement that ended the underlying litigation, finding that the lower court's dismissal order "did not so much as refer to the settlement agreement," and thus was "in no way flouted or imperiled by [its] alleged breach." 511 U.S. at 377, 380–82.

a retaining lien. 670 F.2d 915 (10th Cir. 1982). As Morgan Lewis has repeatedly made clear to Mr. White, Morgan Lewis is not now and has never asserted a retaining lien over the client file. *See* Dkt. 77-1. And unlike in *Jenkins*, Morgan Lewis' temporary retention of the client file is not "relevant to the dispute before the court," 670 F. 2d at 918, because that dispute was definitively concluded over three years ago. *Novinger v. E. I. DuPont de Nemours & Co*, 809 F.2d 212 (3d Cir. 1987), is also inapposite. Its recognition of ancillary jurisdiction turned on the "necessities . . . growing out of the substitution of attorneys in the course of" contingent-fee litigation, 809 F.2d at 217, concerns not remotely implicated here.

Mr. White also invokes the court's inherent powers to "supervise attorneys who practiced before it." Dkt. 74 ¶15. But these powers do not create jurisdiction; they presuppose it. *Chambers* was not about jurisdiction at all, but about "whether the District Court, sitting in diversity, properly invoked its inherent power in assessing" fees as a sanction for attorney misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991). The parties in *United States v. Shaffer Equip. Co.*, likewise, did not contest the district court's jurisdiction, only whether it had "abused its discretion" in imposing severe sanctions. 11 F. 3d 450, 453 (4th Cir. 1993). These cases merely affirm the court's authority over attorneys participating in active proceedings before the court, not attorneys who were terminated long ago, along with the case itself. Unlike the parties to these cases, Mr. White is not moving to sanction attorney misconduct, and he provides no support for the bare assertion that the above authority "extends to . . . ordering turnover of the client file." Dkt. 74 ¶15.

**B. There is No Need for Judicial Intervention Because Morgan Lewis Has Committed to Producing the Client File to Compass**

Beyond the lack of jurisdiction, there is no exigency requiring the Court's intervention here. Morgan Lewis has consistently and in good faith committed to deliver the client file as soon as it can confirm who is lawfully authorized to receive it. Dkt. 77-1. Morgan Lewis has been and must be

cautious, given its ethical obligation to protect its former client's confidential information from unauthorized disclosure and the active, multi-front litigation over the control of Compass—underscored here as Mr. White was a named defendant in the Flywheel Litigation brought by Compass (when his brother was in control of the company).

As such, Mr. White's request needlessly asks the Court to expend resources accelerating an issue that presumably will resolve itself when the Virginia appeal concludes.

**C. Mr. White's Demands Are Overbroad**

Even if there were a legal basis and good reason for the Court to hear Mr. White's motion, his demands should still be rejected as patently overbroad. Mr. White demands that Morgan Lewis produce a "withholding log" and "submit a certification . . . describing the repositories searched, the categories collected, and the steps taken to ensure complete production." Dkt. 74 at 10. Such discovery-style demands have no basis in the Maryland Attorneys' Rules of Professional Conduct cited by Mr. White. Likewise, Morgan Lewis is not aware of any basis in MRPC 19-301.15, 301.16(d), 19-407, or any other provision to require production of "billing statements, payment histories," bank account records, or any other financial document in the circumstances presented here. Mr. White cites to none. Even to the extent such records reflect or relate to the expenditure or other disposition of Compass funds or property in Morgan Lewis' custody, MRPC 19-301.15 merely requires a "full accounting" regarding client property held by an attorney, not any specific, pre-existing document presently in Morgan Lewis' possession.

**CONCLUSION**

For these and the foregoing reasons, this Court should deny Compass' Motion to Compel. The federal docket is not a forum of convenience for a client file request where there is no dispute.

Dated: September 22, 2026
Washington, D.C.

GIBSON, DUNN & CRUTCHER LLP

*/s/ George J. Hazel*

George J. Hazel (Bar No. 31030)
1700 M Street, N.W.
Washington DC 20036-4504
Tel: 202.887.3674
Email: ghazel@gibsondunn.com

Nancy E. Hart
200 Park Avenue
New York, NY 10166-0193
Tel: 212.351.3897
Email: nhart@gibsondunn.com

*Counsel for Respondent Morgan, Lewis & Bockius LLP*