**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **COMPASS MARKETING, INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. GLR-22-379** |
| **FLYWHEEL DIGITAL LLC, *et al.*,** | * | |
| **Defendants.** | * | |

**MEMORANDUM ORDER**

On February 14, 2022, Plaintiff Compass Marketing, Inc. (Compass) filed suit against Defendant Flywheel Digital LLC (Flywheel), Ascential PLC, and multiple individual defendants—including Daniel J. White and other members of the White family—in which it asserted federal and state law claims related to theft of trade secrets, civil conspiracy, and fraud. ECF Nos. 1; 64 at 2–9.[1] On February 23, 2023, the Court granted motions filed by Mr. White and other defendants and dismissed the Complaint, a decision that was affirmed on appeal. ECF Nos. 64–65, 69; *Compass Mktg., Inc.* v. *Flywheel Digit., LLC*, Civil Action No. GLR-22-379, 2023 WL 2213687 (D. Md. Feb. 24, 2023), *aff'd*, No. 23-1324, 2024 WL 3292676 (4th Cir. July 3, 2024). Pending before the Court is Mr. White's motion, purportedly as custodian *pendente lite* of Compass, to compel Compass's former counsel to produce their client case files to him.[2] ECF No. 74. The motion is fully briefed and no hearing is necessary. ECF Nos. 77, 79–81;

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

[2] On September 1, 2026, the Honorable George L. Russell referred the instant motion to the undersigned pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 75. On September 3, 2026, Morgan, Lewis & Bockius LLP, former counsel to Compass, indicated in a court filing that it had not received notice of the pending motion. ECF No. 77 at 1. Accordingly, the undersigned directed the Clerk of the Court to transmit a copy of the motion to all of Compass's current and former counsel and set a briefing schedule for any opposing and reply memoranda. ECF No. 78.

Local Rule 105.6 (D. Md. Dec. 1, 2025). In essence, more than two years after the United States Court of Appeals for the Fourth Circuit affirmed dismissal of Compass's claims, Mr. White seeks to invoke this Court's authority to compel Compass's former counsel to produce to him—a defendant in this very action—their client files. The motion is legally and factually ill-founded.

Mr. White relies on this Court's ancillary jurisdiction and inherent authority as supplying the basis for the relief. ECF No. 74 at 1–2. Neither theory gains any purchase. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction." *Id.* Ancillary jurisdiction, which is "a subspecies of supplemental jurisdiction," consists of a statutory grant of jurisdiction over related claims, as well as jurisdiction over related proceedings derived from the common law. *Messer* v. *Garrison Inv. Grp., LP*, 177 F.4th 507, 517 (4th Cir. 2026); *see also* 13 Fed. Prac. & Proc. Juris. §§ 3523–3523.2 (3d ed.). Ancillary jurisdiction may be invoked for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-380 (internation citations omitted). Neither supports the relief Mr. White seeks, as he does not advance a claim, factually interdependent or otherwise, and there are no proceedings to manage, authority to vindicate, or decrees to effectuate in the instant action, which has been closed for more than three-and-a-half years. ECF No. 65.

Mr. White's reliance on *United States* v. *Perez-Chach*, No. 25-6951, 2026 WL 2211215 (4th Cir. July 31, 2026) (per curiam), is misplaced. ECF No. 81 at 3–4. That unpublished, and thus nonbinding, opinion held only that it was an abuse of discretion for the district court to have

concluded that it lacked authority to grant a criminal defendant's motion to compel production of his attorney case file so that he could seek habeas relief pursuant to 28 U.S.C. § 2255. *Perez-Chach*, 2026 WL 2211215, at *1. The decision did not mention, let alone rely upon, ancillary jurisdiction. *Id.* Instead, it rested upon a Maryland Rule of Professional Conduct that governs, among other things, the surrender of client papers and property. *Id.* As discussed further below, it is unclear whether Mr. White represents the attorneys' former client (Compass) and thus whether that rule applies here. Further, *Perez-Chach* did not direct production of the client case file, only that the trial court "consider [the] motion" and "order . . . former trial counsel to respond if necessary for the resolution of the motion." *Id.*

Mr. White's reliance on the Court's inherent authority fares no better. ECF No. 74 at 3, 7. Compass's former counsel are not practicing before this Court in connection with this action, which has been closed since 2023. ECF No. 65. There is, therefore, no occasion for the Court to "supervise" Compass's former counsel as Mr. White contends. In light of the posture of this case, the cited authority is inapposite. Unlike *Chambers* v. *NASCO, Inc.*, there is no need to sanction bad-faith conduct. 501 U.S. 32, 35 (1991). Indeed, none of the circumstances the *Chambers* Court used to illustrate the scope of the inherent power are present here. *Id.* at 43–44 (citing the need to, for example, compel submission to lawful court mandates, discipline attorneys appearing before the Court, punish contempt of court, or remedy a fraud upon the court). The instant motion simply does not implicate "the nature of the institution" of "our Courts of justice," which may call for exercise of inherent authority. *Id.* at 43. Rather, it pertains to matters between counsel and client. ECF No. 74. The undersigned heeds the caution that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion," and declines to invokes this Court's inherent authority to resolve the collateral matter presented in the pending motion. *Chambers*, 501 U.S. at 44.

What is more, it is unclear whether the matter presented is ripe for adjudication by this or any other court. Compass's former counsel are willing to produce requested client case files to an individual authorized to act on behalf of Compass. ECF Nos. 77 at 2; 79 at 3; 80 at 1, 5–6. The obstacle to production is that the question of who is the authorized representative is contested. ECF No. 77 at 1 ("The Motion wholly elides the fact that [Mr. White] and his siblings are presently engaged in contentious litigation across multiple jurisdictions as to which of them controls Compass."). Former counsel for Compass further note that the fact that Mr. White was a defendant in this action, and thus a party adverse to Compass, counsels in favor of ensuring that he "is duly authorized to act for Compass before providing Compass's case against him." ECF No. 79 at 3. The undersigned concurs.

Mr. White contends that he has been appointed a custodian *pendente lite* of Compass (ECF Nos. 73; 73-1), yet the parties' filings and publicly available court records reflect at least two pending cases with ongoing litigation among members of the White family. *John D. White* v. *Michael R. White*, *et al.*, Case No. 124626 (Va. Ct. App); *Michael White*, *et al.* v. *Compass Mktg., Inc.*, *et al.,* Case No. CL21004012-00 (Va. Cir. Ct.). Indeed, publicly available court records reflect that a motion hearing is set for November 9, 2026, in the Circuit Court of Arlington County, Virginia. Case Details, *Michael White*, *et al.* v. *Compass Mktg., Inc.*, *et al.,* Case No. CL21004012-00, at #28 (Va. Cir. Ct.), https://perma.cc/J25S-XZB2 (last visited Oct. 22, 2026). Mr. White has tendered an Order from the Circuit Court for St. Mary's County, Maryland, which he contends provides a basis for this Court to act upon the Virginia custodian *pendente lite* order. ECF Nos. 81 at 9; 81-1 at 2–3. Yet, Mr. White himself posits that "[b]cause Compass is a Virginia corporation, Virginia law governs who presently has authority to act for the corporation." ECF No. 74 at 4. Mr. White should therefore allow the Virginia courts to decide the matter rather than file motions in this Court to raise what is, here, a collateral issue

outside the substance of the pending or former litigation. *Compass Mktg., Inc.* v. *Flywheel Digit., LLC*, Civil Action No. GLR-22-379 (ECF No. 74); *Boshea* v. *Compass Marketing, Inc.*, ELH-21-309 (ECF No. 432). In sum, there is an inadequate factual basis on which the undersigned could find that Mr. White is the appropriate recipient of the client case file.

In light of the foregoing, it is hereby ORDERED that Mr. White's motion to compel (ECF No. 74) is DENIED.

IT IS SO ORDERED.

Date: October 22, 2026

/s/
Erin Aslan
United States Magistrate Judge