**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| COMPASS MARKETING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FLYWHEEL DIGITAL LLC, et al.,<br><br>Defendants. | Civ. No. 1:22-cv-00379-GLR |

**NON-PARTY MORGAN, LEWIS & BOCKIUS LLP'S RESPONSE IN OPPOSITION TO THE CUSTODIAN'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM ORDER OF OCTOBER 22, 2026 (ECF NO. 82)**

**TABLE OF CONTENTS**

**Page**


INTRODUCTION ..... 1

FACTUAL BACKGROUND ..... 2

STANDARD OF REVIEW ..... 4

ARGUMENT ..... 6

I. The Order Correctly Held That This Court Lacks Ancillary Jurisdiction Over the Motion. ..... 6

A. Neither *Kokkonen* Category Applies. ..... 6

B. The Authorities Cited in the Objections Do Not Support Jurisdiction Here. ..... 7

II. The Magistrate Judge's Refusal to Invoke Inherent Authority Was a Proper Exercise of Discretion. ..... 10

III. Mr. White's Remaining Arguments Are Meritless. ..... 11

IV. The Relief Sought Is Overbroad. ..... 13

CONCLUSION ..... 14

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ........ 2, 5, 10

*Clawson v. FedEx Ground Package Sys., Inc.*,
451 F. Supp. 2d 731 (D. Md. 2006) ........ 11

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ........ 8

*Everett v. Prison Health Servs.*,
412 F. App'x 604 (4th Cir. 2011) ........ 4

*Garcia v. Teitler*,
443 F.3d 202 (2d Cir. 2006) ........ 8

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*,
322 U.S. 238 (1944) ........ 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ........ 6, 7, 10

*Messer v. Garrison Inv. Grp., LP*,
177 F.4th 507 (4th Cir. 2026) ........ 6, 7, 8

*Robb Evans & Associates, LLC v. Holibaugh*,
609 F.3d 359 (4th Cir. 2010) ........ 8

*Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*,
28 F. Supp. 3d 465 (D. Md. 2014) ........ 4, 5

*United States v. Champion*,
794 F. App'x 289 (4th Cir. 2020) ........ 9

*United States v. Perez-Chach*,
2026 WL 2211215 (4th Cir. July 31, 2026) ........ 9

*Wudi Indus. (Shanghai) Co. v. Wong*,
143 F.4th 250 (4th Cir. 2025) ........ 6

### Statutes

28 U.S.C. § 636(b)(1)(A) ........ 5

### Rules

Fed. R. Civ. P. 60 ........ 10

Fed. R. Civ. P. 72 ........ 1, 4, 5, 13

## INTRODUCTION

Non-party law firm Morgan, Lewis & Bockius LLP ("Morgan Lewis"), through its counsel, respectfully submits this response in opposition to the objections (ECF No. 83, the "Objections") filed by Daniel J. White to Magistrate Judge Aslan's Memorandum Order of October 22, 2026 (ECF No. 82, the "Order"). Morgan Lewis previously represented Compass Marketing, Inc. ("Compass") in this long-closed litigation that Compass filed against Flywheel Digital LLC, Mr. White, and others (the "Flywheel Litigation"), which was dismissed and terminated in February 2023. Three-and-a-half years later, Mr. White returned to this Court, purportedly acting as custodian *pendente lite* for Compass, seeking to compel Compass's former counsel to produce a broad but ill-defined "client file" (ECF No. 74, the "Motion"). Mr. White's Objections to the Order—which rightly denied his motion because there was no basis for it to be filed in this Court—should be overruled in their entirety.

The Objections are premised on a fundamental misreading of the Order. Magistrate Judge Aslan's decision did not turn solely on whether "the Custodian's authority to act for Compass is 'contested,'" or whether the motion was merely "collateral" to a long-since-terminated litigation in which Mr. White was himself a defendant. Rather, the Order found that Mr. White's attempt to invoke "this Court's ancillary jurisdiction and inherent authority" as a basis to demand files from Compass's former counsel was "legally and factually ill-founded." Order at 2.

That decision was neither "clearly erroneous" nor "contrary to law," as would be required to set aside the Order. Fed. R. Civ. P. 72(a). This Court lacks ancillary jurisdiction over Mr. White's motion because it "does not advance a claim, factually interdependent or otherwise, and there are no proceedings to manage, authority to vindicate, or decrees to effectuate in the instant action, which has been closed for more than three-and-a-half years." Order at 2. The Court's "inherent authority" cannot itself be an independent basis for jurisdiction, and, in any event,

"Compass's former counsel are not practicing before this Court in connection with this action," and there is therefore "no occasion for the Court to 'supervise'" them. *Id.* at 3.

Seeking to distract from these straightforward conclusions, Mr. White spills much ink arguing that the Custodian Order is "in effect," and that he is not "adverse to Compass." Objections at 4–12. Neither changes the simple fact that there is no basis for Mr. White to have filed the Motion in this Court. Rather, those issues were raised in the Order only as confirmation that the "[M]otion simply does not implicate 'the nature of the institution' of 'our Courts of justice'"; that invoking the Court's inherent powers here would be counter to the settled principle that those "powers must be exercised with restraint and discretion"; and that "Mr. White should therefore allow the Virginia courts to decide the matter rather than file motions in this Court." Order at 3–4 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35, 43–44 (1991)).

**FACTUAL BACKGROUND**

Compass filed the Flywheel Litigation in February 2022 against Flywheel Digital LLC, Ascential PLC, and several individual defendants, including Mr. White. ECF No. 1; ECF No. 82 at 1. Morgan Lewis represented Compass in this Court. On February 24, 2023, the Court dismissed the Complaint and closed the case. ECF Nos. 64–65. The Fourth Circuit affirmed on July 3, 2024, ECF No. 69; a petition for rehearing was denied; and the mandate issued on October 8, 2024. ECF Nos. 71–72; *see* Objections at 3.

On May 1, 2026, the Circuit Court for Arlington County, Virginia, appointed Mr. White custodian *pendente lite* of Compass in an action brought by Michael White and others. ECF No. 73-1; Objections at 4. Mr. White then began making demands on Morgan Lewis for the "client file," and Morgan Lewis responded in good faith. ECF No. 77-1. On June 16, 2026, it informed him of its ethical obligation to release the file only to the person properly authorized to receive it, noted that the custodial order was one of several fronts on which Mr. White and his brothers were

contesting control of Compass, and asked for confirmatory materials on the status of those proceedings. *Id.* He provided none. On July 13, 2026, Morgan Lewis reaffirmed its commitment to deliver the file once it was clear who was entitled to receive it, explained that ethics and prudence required it to wait while the custodial order was under active appeal, and confirmed that it was not, and never had been, withholding the file as collateral for unpaid fees. *Id.* Mr. White did not respond.

Instead, on July 30, 2026, Mr. White filed the Motion in this Court invoking the Court's ancillary jurisdiction and inherent authority. ECF No. 74 at 1–2; ECF No. 77 at 1. Judge Russell referred the Motion for "discovery" to Magistrate Judge Aslan on September 1, 2026, ECF No. 75. Morgan Lewis and King & Spalding LLP opposed, ECF Nos. 77, 79, 80, and Mr. White replied. ECF No. 81.

On October 22, 2026, the Magistrate Judge denied the Motion. ECF No. 82. The Magistrate Judge held that the Court lacks ancillary jurisdiction because "there are no proceedings to manage, authority to vindicate, or decrees to effectuate in the instant action, which has been closed for more than three-and-a-half years," Order at 2; declined, applying the requisite "restraint and discretion," to invoke the Court's inherent authority over a "collateral matter," *id.* at 3; and found that it was "unclear whether the matter presented is ripe for adjudication by this or any other court," because former counsel are willing to produce the file to an authorized representative of Compass and the question of who that is "is contested," *id.* at 4. Mr. White filed his Objections on November 4, 2026. ECF No. 83.

The Order took note of the state-court proceedings over control of Compass, including *Michael White, et al. v. Compass Marketing, Inc., et al.*, No. CL21004012-00 (Va. Cir. Ct.), a motion hearing was set for November 9, 2026. Order at 4. In the Arlington County action, John

D. White—Mr. White's brother, and the person whom, as Morgan Lewis previously advised the Court, the Virginia State Corporation Commission lists as Compass's Chairman and CEO, ECF No. 80 at 2—has noted an appeal, *John D. White v. Michael R. White, et al.*, No. 124626 (Va. Ct. App.), which by its terms challenges both the Arlington court's June 8, 2026 order "as well as the underlying May 1, 2026 Custodian Appointment Order." Objections at 5 (quoting ECF No. 81-13 at 2); Order at 4. Mr. White reports that he has moved to dismiss that appeal. Objections at 6. And Mr. White tendered an October 1, 2026 order of the Circuit Court for St. Mary's County, Maryland, recognizing the Virginia order, which he describes as entered over John White's objection. ECF No. 81-1; Objections at 5–6; Order at 4.

## STANDARD OF REVIEW

As the Objections initially concede, a district judge may modify or set aside a magistrate judge's ruling on a nondispositive matter like that presented here *only* if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); Objections at 4; *see Everett v. Prison Health Servs.*, 412 F. App'x 604, 605 (4th Cir. 2011) ("Pursuant to Federal Rule of Civil Procedure 72(a), the district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.'"). Review under Rule 72(a) is deferential. "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 479 (D. Md. 2014) (quoting *MMI Prods., Inc. v. Long*, 231 F.R.D. 215, 218 (D. Md. 2005)). A reviewing court "is not to ask whether the finding is the best or only conclusion permissible," and it is not to "substitute its own conclusions for that of the magistrate judge." *Id.* at 479 (quoting *Int'l Ass'n of Machinists & Aerospace Workers v. Werner–Masuda*, 390 F.Supp.2d 479, 486 (D.Md.2005)). And "[i]t is not the function of objections to discovery rulings to allow

wholesale relitigation of issues resolved by the magistrate judge," *id.* at 480—a principle that applies equally to a motion to compel production of files.

The Order's conclusions are neither clearly erroneous nor contrary to law. The Order's alternative ruling declining to invoke the Court's inherent authority is, by its nature, discretionary: "inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). As Mr. White frames it, such a ruling is an abuse of discretion if it "rests on an error of law, or on findings without support in the record." Objections at 4. The Order does neither.

Aware that the Order clearly meets and exceeds the Rule 72(a) standard—and despite the fact that the Motion was referred to the Magistrate Judge as a "discovery" dispute, ECF No. 75—Mr. White posits that the Order is "dispositive in effect" (and therefore should have issued as a report and recommendation under Rule 72(b)), merely because it did not grant him the discovery that he requested. Mr. White is mistaken. This case was "disposed of" years ago, and the Magistrate Judge's refusal to reopen it to hear a motion to compel over which the Court lacks jurisdiction is hardly the "Dispositive Motion" to which Fed. R. Civ. P. 72(b) applies. Magistrate judges are authorized to "hear and determine any pretrial matter pending before the court," subject to eight enumerated exceptions, none of which describes a motion to compel a non-party to produce files in a closed case. 28 U.S.C. § 636(b)(1)(A). The fact that it was the only motion pending does not transform it into a dispositive one. In any event, the result is the same under either standard, as even on *de novo* review, the Order's rulings are correct.

## ARGUMENT

### I. The Order Correctly Held That This Court Lacks Ancillary Jurisdiction Over the Motion.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Ancillary jurisdiction is "meant to allow the courts to manage proceedings and enforce their own orders." *Wudi Indus. (Shanghai) Co. v. Wong*, 143 F.4th 250, 258 (4th Cir. 2025); *see also Messer v. Garrison Inv. Grp., LP*, 177 F.4th 507, 517 (4th Cir. 2026). Under *Kokkonen*, a federal court may assert ancillary jurisdiction over a dispute either "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" or "(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Fed. R. Civ. P. 72(a). The Order applied exactly that test, and the Objections identify no error in it.

#### A. Neither *Kokkonen* Category Applies.

Mr. White does not contend that his Motion presents a "claim[]" that is "factually interdependent" with the Flywheel Litigation. He relied on the second *Kokkonen* category alone, ECF No. 74 at 6; Objections at 13, and the Order found none of its elements present: "there are no proceedings to manage, authority to vindicate, or decrees to effectuate in the instant action, which has been closed for more than three-and-a-half years." Order at 2. Mr. White concedes the case was in active litigation until the mandate issued on October 8, 2024. Objections at 3. He identifies no order of this Court that requires former counsel to do anything, or that their possession of a client file flouts or imperils. And although he observes that *Kokkonen* described its categories as those for which ancillary jurisdiction has "generally" been asserted, Objections at 14, he identifies no other category that would apply to this action. That ends the inquiry. *See Kokkonen*, 511 U.S.

at 380–82 (no ancillary jurisdiction where the dismissal order "did not so much as refer to the settlement agreement" and was therefore "in no way flouted or imperiled by [its] alleged breach").[1]

The Objections respond by misstating the standard, contending that the Court's authority "is implicated whenever the Court's process has been invoked in a party's name without that party's authority, and whenever attorneys who appeared before it hold the files of that appearance against the party for whom they claim to have acted." Objections at 13. That is not *Kokkonen*'s test. *Kokkonen* asks whether the Court needs jurisdiction to function, not whether the subject matter relates to the case's history. If it did, the Flywheel Litigation would never end, and every lawyer who appeared in it would remain subject to this Court's supervision *indefinitely*—the very expansion "by judicial decree" that *Kokkonen* forbids. 511 U.S. at 377. The Objections also mischaracterize the nature of Mr. White's Motion—which is a motion to compel document production. There is no pending dispute or proceeding concerning Compass's authority to initiate the Flywheel Litigation, and to the extent that is Mr. White's true concern, it would turn on Virginia corporate law and the governance of a Virginia corporation, the subject of the family litigation already pending in Virginia.

**B. The Authorities Cited in the Objections Do Not Support Jurisdiction Here.**

The Objections invoke *Messer* for the proposition that ancillary jurisdiction extends to "supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments." Objections at 13 (quoting *Messer v. Garrison Investment Group, LP*, 177 F.4th 507, 517-19 (4th Cir. 2026)). But the relief sought by the Motion would not assist in the

---

[1] Indeed, the Supreme Court's decision in *Kokkonen* underscores the narrowness of ancillary jurisdiction, as well as its inapplicability to this dispute. *Kokkonen* rejected an assertion of ancillary jurisdiction to enforce a settlement agreement that ended the underlying litigation, finding that the lower court's dismissal order "did not so much as refer to the settlement agreement," and thus was "in no way flouted or imperiled by [its] alleged breach." 511 U.S. at 377, 380–82.

protection and enforcement of any judgment. The only judgment here dismissed Compass's claims, and Mr. White acknowledges that his Motion "seeks delivery of files rather than enforcement of the judgment against anyone." Objections at 13.[2]

Mr. White's other cited authority is similarly inapposite. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) concerned a federal court's ongoing authority to adjudicate a Rule 11 sanctions motion for litigation misconduct even after a baseless case has been voluntarily dismissed. 496 U.S. at 395–96, 398 ("[A] litigant who violates Rule 11 merits sanctions even after a dismissal"). Here, Mr. White disclaims *any* request for sanctions, ECF No. 74 ¶ 16, and confirms that he "has not asked the Court to sanction anyone on the present record." Objections at 12. *Cooter & Gell* has no application to these facts. *Robb Evans & Associates, LLC v. Holibaugh*, 609 F.3d 359, 363 (4th Cir. 2010) concerned a well-settled principle—not at issue here—that a federal court that appoints a receiver has jurisdiction over actions brought by that receiver to recover receivership assets, and held merely that common-law ancillary jurisdiction survived the supplemental jurisdiction statute, which no one disputes. And *Garcia v. Teitler*, 443 F.3d 202, 208–11 (2d Cir. 2006), concerned a fee dispute that arose "during an ongoing criminal case" following "disqualification" of a defense attorney for conflicts of interest in the context of a joint representation.

None of these cases even remotely bear on Mr. White's Motion, and Mr. White does not otherwise cite any Supreme Court or Fourth Circuit decision suggesting that ancillary jurisdiction extends to a motion to compel delivery of a client file in a case that ended years earlier. Morgan Lewis is not aware of any.

---

[2] As Mr. White himself describes it, *Messer* also rejected an assertion of ancillary jurisdiction. Objections at 13.

The Objections also assert that the Fourth Circuit "has twice vacated a district court's denial of a motion to compel former counsel to deliver the client's file in a closed case." Objections at 10 (citing *United States v. Champion*, 794 F. App'x 289 (4th Cir. 2020) (per curiam), and *United States v. Perez-Chach*, No. 25-6951, 2026 WL 2211215 (4th Cir. July 31, 2026) (per curiam)). Both are unpublished and nonbinding criminal cases, and neither helps Mr. White's case.

Mr. White did not cite *United States v. Champion*, 794 F. App'x 289 (4th Cir. 2020) in any briefing before the Magistrate Judge—and his new-found reliance on the per curiam decision is misplaced in any event. That decision concerned a criminal defendant's need for files so that he could pursue post-conviction relief in the form of a federal habeas petition. 794 F. App'x at 289.

The Order correctly read *Perez-Chach*, on the other hand, which "did not mention, let alone rely upon, ancillary jurisdiction." Order at 3. Rather, it "rested upon a Maryland Rule of Professional Conduct that governs, among other things, the surrender of client papers and property"; and it "did not direct production of the client case file, only that the trial court 'consider [the] motion' and 'order . . . former trial counsel to respond if necessary for the resolution of the motion.'" Order at 2–3 (citing 2026 WL 2211215, at *1). The Magistrate Judge did just that, deciding the Motion on a full record after former counsel responded. ECF Nos. 77, 79, 80.

Mr. White says the above distinction "does not assist the Order" because Local Rule 704 makes the Maryland Rules of Professional Conduct "a rule of this Court." Objections at 10–11. But a rule of attorney conduct is not itself a source of federal jurisdiction, and Mr. White's argument conflates the issue of whether the Maryland Rules of Professional Conduct might require turn over of a client file with what is at issue here: whether this Court is the appropriate forum for a motion to compel that turn over. The Order correctly determined that it is not.

## II. The Magistrate Judge's Refusal to Invoke Inherent Authority Was a Proper Exercise of Discretion.

The Order also rejected Mr. White's alternative, "inherent authority" argument, "heed[ing] the caution that '[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion.'" Order at 3. That, again, was correct.

Inherent powers do not create jurisdiction—they presuppose it—and because "Compass's former counsel are not practicing before this Court in connection with this action, which has been closed since 2023," there is "no occasion for the Court to 'supervise' Compass's former counsel as Mr. White contends." Order at 3. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)—the case principally relied on by Mr. White—was not about jurisdiction at all, but about "whether the District Court, ***sitting in diversity***, properly invoked its inherent power in assessing" fees as a sanction for attorney misconduct in the context of the underlying litigation. 501 U.S. at 35 (emphasis added). Mr. White has not asked a federal court "to 'vacate its own judgment upon proof that a fraud has been perpetrated upon the court,'" *see* Objections at 11 (quoting *Chambers*, 501 U.S. at 43–44)—indeed, the only judgment here was *in his favor*—and nothing in *Chambers* supports ordering non-party former counsel to deliver a client file in a case that ended in 2023. *See* Order at 3 ("[T]here is no need to sanction bad-faith conduct. . . . [N]one of the circumstances the *Chambers* Court used to illustrate the scope of the inherent power are present here.").[3]

The Objections argue that *Kokkonen*'s second category and inherent authority are one and the same, and that both "rest" on the premise that "a dismissed case is beyond the Court's reach."

[3] Mr. White's invocation of Fed. R. Civ. P. 60, which governs "Relief from a Judgment or Order," or characterization of *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) as "a proceeding to set aside a judgment years after it had become final" is nonsensical for the same reason. Objections at 11–12. This Motion in no way seeks to modify or set aside any judgment or order issued by this Court.

Objections at 14. Mr. White grossly mischaracterizes the Order, which nowhere invokes or suggests so broad a proposition. It merely found (correctly) that, under the authority cited by Mr. White, there was no basis for jurisdiction or an exercise of the Court's "inherent authority" to hear a motion to compel documents from non-parties to a long-since-terminated litigation. And it distinguished (correctly) cases concerning an entirely separate issue—namely, whether courts maintain authority to punish litigation misconduct following dismissal. *See* Objections at 14. That is not an issue raised by Mr. White's motion to compel client files.[4]

## III. Mr. White's Remaining Arguments Are Meritless.

The remainder of the Objections are irrelevant to the decision actually set out in the Order, concern matters that do not support relief, and/or were not properly presented. Mr. White repeatedly tries to suggest that the Flywheel Litigation—which did not get past the pleading stage—was somehow a "fraud on the Court." Objections at 2–3, 11–12, 15. Putting aside that there is zero support for that bald assertion, and the fact that these arguments appear nowhere in Mr. White's opening brief in support of the Motion,[5] Mr. White's Motion is not directed to remediating (let alone proving) any "fraud," which Morgan Lewis vehemently denies. It was a motion to compel the production of client files, and expressly *disclaimed* any request for relief from any judgment, for sanctions, or for reopening the case. ECF No. 74 at 1–2, ¶¶ 2, 16. The Objections make clear that "[t]he Custodian has not asked the Court to sanction anyone on the

---

[4] Nor does it matter that counsel "appeared again" to oppose the Motion. Objections at 10. They did so in response to a motion directed at them, after the Court set a briefing schedule, ECF No. 78, and Mr. White cites nothing to suggest that a movant can create supervisory jurisdiction over non-parties merely by filing an improper motion against them. The Order accurately noted that former counsel "are not practicing before this Court in connection with this action." Order at 3.

[5] "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006).

present record," Objections at 12, and "[t]he Court need not decide whether the 2022 action was authorized, or whether any misconduct occurred, to resolve this motion." *Id.* at 3. The Order cannot be clearly erroneous for not addressing an issue Mr. White says need not be decided, and according to Mr. White's own filings all of his baseless allegations of unauthorized litigation conduct are irrelevant.[6]

Mr. White's insistence that "the Custodian Order is in effect"—or that he is not "adverse" to Compass—is likewise irrelevant here. What is at issue is whether Mr. White has identified any legal basis to file a motion to compel against a non-party in this long-since-terminated litigation. He has not, and, for all of the above reasons, he cannot. To be sure, the fact that *who* is authorized to act on behalf of Compass for purposes of the client file is the subject of ongoing proceedings in Virginia, or that Mr. White was *adverse* to Compass in the Flywheel Litigation, reinforce the need for caution and restraint as the Order correctly held. Order at 4. "[B]ecause Compass is a Virginia corporation," and "Virginia law governs who presently has authority to act for the corporation . . . [,] Mr. White should therefore allow the Virginia courts to decide the matter rather than file motions in this Court" concerning matters that are "outside the substance of the pending or former litigation." *Id.*[7] As Morgan Lewis has said from the start—in its June 16 and July 13, 2026

[6] Mr. White's assertions are the argument of an interested party who was a defendant in the Flywheel Litigation, drawn from exhibits first submitted in a reply. And Morgan Lewis cannot answer them on the merits here, since its duties to its former client preclude disclosing Compass's confidential information, and who may waive that privilege is an issue in dispute. Morgan Lewis likewise reserves, on behalf of its former client, all rights and objections as to the exhibits to the Reply and the Objections, several of which appear to be Compass's privileged communications or work product. Objections at 8–9, 12.

[7] Contrary to Mr. White's suggestion, the Order did not find any Virginia order invalid or without effect; it found "an inadequate factual basis" to conclude that Mr. White is the appropriate recipient of the client files, and that the courts of Virginia, whose law governs authority over a Virginia corporation by Mr. White's own account, should decide the matter. Order at 4–5; ECF No. 74 at 4. Mr. White's invocation of "full faith and credit" principles is irrelevant for the same reasons.

correspondence, ECF No. 77-1, and in every filing since—it will deliver the file once the person lawfully authorized to receive it has been clarified via the proceedings pending in state court. ECF No. 77 at 2; ECF No. 79 at 3; ECF No. 80 at 1, 5–6.[8] But the outcome of those proceedings will have no bearing on whether this Court has jurisdiction to hear the Motion.

Finally, Exhibit 1 to the Objections is not properly before the Court and, in any event, has no bearing on the Order. It is a January 23, 2023 letter from Morgan Lewis to counsel for Flywheel and Ascential concerning the potential conflict of interest of another firm. ECF No. 83-1. Mr. White acknowledges that it was produced to him on October 29, 2026, after the Order issued, and was never before the Magistrate Judge. Objections at 7 n.1. An order cannot be "clearly erroneous" for failing to weigh a document the magistrate judge never saw. *See* Fed. R. Civ. P. 72. In any event, Mr. White's attempt to use the letter to distract from the relevant issues only serves to confirm that disputes and confusion about who has been at Compass's helm have been live for some time. *See, e.g.*, Objections at 7–8. And Morgan Lewis's position is not that it "cannot act for Compass" now, but rather that, as *former* counsel with continuing duties of confidentiality, it must release the file only to someone authorized to receive it.

## IV. The Relief Sought Is Overbroad.

The Objections also ignore that, even if there were a legal basis and good reason for the Court to hear Mr. White's Motion, what it seeks is patently overbroad. *See* ECF No. 80 at 6. Mr. White demands that Morgan Lewis produce a "withholding log" and "submit a certification . . . describing the repositories searched, the categories collected, and the steps taken to ensure complete production." ECF No. 74 at 10. Such discovery-style demands have no basis in the

[8] Mr. White argues that because the Flywheel Litigation was not authorized by Compass, he was never adverse to Compass. Objections at 7–9. But Mr. White also acknowledges that the Court "need not decide whether the 2022 action was authorized," *id.* at 3, an issue not before the Court.

Maryland Rules of Professional Conduct cited by Mr. White. Likewise, Morgan Lewis is not aware of any basis in MRPC 19-301.15, 19-301.16(d), 19-407, or any other provision to require production of "billing statements, payment histories," bank account records, or any other financial document in the circumstances presented here. Mr. White cites to none. Even to the extent such records reflect or relate to the expenditure or other disposition of Compass funds or property in Morgan Lewis's custody, MRPC 19-301.15 merely requires an "accounting" regarding client property held by an attorney, not any specific document presently in Morgan Lewis's possession.

**CONCLUSION**

For these reasons, and those stated in the Order and in Morgan Lewis's opposition to the Motion (ECF No. 80, which is incorporated here by reference), the Court should affirm the Memorandum Order denying the Motion to Compel (ECF No. 82).

Dated: November 18, 2026
Washington, D.C.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ George J. Hazel

George J. Hazel (Bar No. 31030)
1700 M Street, N.W.
Washington, DC 20036-4504
Tel: 202.887.3674
Email: ghazel@gibsondunn.com

Nancy E. Hart
200 Park Avenue
New York, NY 10166-0193
Tel: 212.351.3897
Email: nhart@gibsondunn.com

*Counsel for Non-Party Morgan, Lewis & Bockius LLP*

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2026, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and that a copy was also sent by electronic mail to Daniel J. White, Esq., and to Stephen Stern, Esq., Michael Marinello, Esq., and Meagan Borgerson, Esq., Kagan Stern Marinello & Beard, LLC, which has not appeared in this action.

/s/ George J. Hazel
George J. Hazel